506 P.2d 53

**Gary L. REICH et al., Plaintiffs and Respondents,**

v.

**SALT LAKE CITY SUBURBAN SANITARY DISTRICT NO. I, Defendant and Appellant.**

**No. 12890.**

Supreme Court of Utah.

Jan. 31, 1973.

Hanson, Brandt & Wadsworth, Salt Lake City, for defendant-appellant.

E. J. Skeen, Richard C. Skeen, Salt Lake City, for plaintiffs-respondents.

ELLETT, Justice:

Four cases were consolidated for trial as to liability only. From an adverse judgment the defendant appeals.

The defendant owns the sewer system which serves the homes of the plaintiffs. On October 7, 1968, there was a stoppage

in the main sewer line just below the homes of the plaintiffs which caused raw sewage to be forced up through the drains and toilets and deposited in the houses. After 45 minutes the main line cleared itself of the obstruction, but the home owners were forced to clean the mess deposited during the overflow.

The evidence showed that some five days prior to the flooding the contractor who was laying a new water line under a freeway negligently broke the top of a three-foot section of the main sewer line a short distance above plaintiffs' homes. The broken pieces were all apparently retrieved by the contractor's employees. That break was covered over and not repaired for the reason that a new sewer line had been constructed to go under the freeway and a few hours after the break the sewage was diverted into the new line. There was no interference with the flow of sewage in the old line, nor were any pieces of broken parts of the line ever recovered from the manholes below.

There are approximately 270 homes above those of the plaintiffs connected by four-inch laterals to the main sewer line. There are also approximately 100 manholes which cannot be locked, as they must be available to plumbers' and contractors' erecting new homes.

There was no evidence as to what caused the flooding. The design of the sewer line is not claimed to be defective. There was no evidence that the routine maintenance procedures used by the defendant did not comply with the standard of care in this community.

Since no specific acts of negligence on the part of the defendant could be shown, the plaintiffs relied upon the doctrine of res ipsa loquitur. In order for them to recover on this theory, the burden was upon them to show that the defendant had the exclusive control of the system. By special verdict the jury found that the defendant did not have exclusive control. This finding is compelled, since there are 270 houses injecting things into the main line and many people entering the manholes at their convenience.

The trial court gave a question to the jury as to whether the defendant had "responsible control" of the system, and the jury answered that it did. The court also gave to the jury a question as to whether the flooding was proximately caused by the negligence of the defendant, and the jury answered that it was. The court then found for the plaintiffs on the question of liability.

As is shown above, there is no evidence to support the latter finding, and the judgment cannot be based thereon.

There is language relating to "responsible control" used in the case of Moore v.

James, 5 Utah 2d 91, 297 P.2d 221 (1956). That was a case where one of the legs on an old-fashioned bathtub broke and caused a guest to fall and injure herself. The argument was advanced by the defendant in that case that the temporary use of the bathtub or "participation" by plaintiff removed the bathtub from the management and control of the defendant. This court in that case said, "We are of the opinion that the defendants had the responsible control of the bathtub and legs supporting it. . . ."

For the instant case to be analogous to the Moore case, there would have to be a break in the main-line pipe and harm result from the break due to a defective condition. However, there was no defect in the system, and the defendant had no control over items that were injected therein. Rags, garbage, bones, sanitary napkins, diapers, and any number of other items could pass through laterals of a diameter of four inches. If these items flocculate together and a blockage occurs, it cannot be held that the defendant is liable under the rule of res ipsa loquitur.

The judgment is reversed, and the case is remanded with directions to enter judgment in favor of the defendant for no cause of action. No costs are awarded.

CALLISTER, C. J., and HENRIOD, CROCKETT and TUCKETT, JJ., concur.