60 So.2d 924 (1952)
FRASH
v.
SARRES.
Supreme Court of Florida, Special Division A.
October 21, 1952.
Rehearing Denied November 12, 1952.
Willard Ayres, Frank R. Greene and Greene, Ayres & Greene, Ocala, for appellant.
Wallace E. Sturgis, Ocala, for appellee.
MATHEWS, Justice.
This is an appeal from a final judgment pursuant to a verdict of a jury finding the defendant not guilty in a personal injury case.
Motion for new trial was made and denied.
It was alleged in the complaint that the defendant was operating a certain drive-in restaurant near Ocala; that on the morning in question the place of business had not opened and the plaintiff met the defendant at the place of business for reasons not pertinent here; that at the defendant's request the plaintiff entered upon the premises for the purpose of discussing certain matters and that at the time of such entry the said premises were closed and shuttered; that the defendant started to raise a large shutter and that plaintiff, at defendant's request, got up on an article of defendant's store equipment to assist in raising the shutter and in so doing the plaintiff's head came in close proximity to and within the arc of the unguarded and unshielded blades of one of the electric ceiling fans which was then "not turned on and not revolving" and that while plaintiff was in said position said ceiling fan was negligently turned on suddenly and without warning to the plaintiff by one of the defendant's servants and agents; the complaint then alleges that the unguarded and unshielded blades of the fan commenced to revolve with great speed and power and struck the plaintiff on his right temple and eye which destroyed the plaintiff's eyesight in one eye. All material allegations of the *925 complaint were denied. The answer also alleged that the defendant was guilty of negligence which contributed to the injuries complained of.
At the conclusion of all of the evidence the plaintiff requested the court to charge the jury that the doctrine of res ipsa loquitur applied in the case and that the plaintiff was entitled to the inferences or presumptions arising from that doctrine. Plaintiff requested Charge No. 4 embodies the request of the plaintiff and is as follows:
"You are instructed that in this case the doctrine of `res ipsa loquitur' applies, meaning `the thing speaks for itself'. Under this doctrine, if you find in this case that the electric fan causing the injury to Plaintiff was under the exclusive management and control of the Defendant, his agents and servants, and that an accident has occurred from it that under circumstances of due care would not have occurred in the ordinary course of events, except for negligent handling by the party having control of the instrument causing the injury, it affords reasonable evidence in the absence of explanation by the defendant that the accident arose from want of care upon the part of the defendant, his agents and servants, and will justify you in returning a verdict for the plaintiff." (Emphasis supplied.)
This requested instruction was refused by the court and the refusal is assigned as reversible error. The question before the Court is: Upon the record before this Court, is it made to appear that the lower Court committed reversible error by failing to give plaintiff's requested instruction No. 4 relating to the doctrine of res ipsa loquitur or to otherwise instruct the jury thereon?
In the case of American Dist. Electric P. Co. v. Seaboard Air Line Ry. Co., 129 Fla. 518, 177 So. 294, 297, this Court said:
"A phrase often used in actions for * * * negligence where no proof of negligence is required beyond the accident itself, which is such as necessarily to involve negligence. * * *
"The doctrine is that when a thing which causes injury without default of the person injured, is shown to be under the exclusive control of the defendant and would not cause the damage in ordinary course if the party in control used proper care, it affords reasonable evidence, in the absence of an explanation, that the injury arose from defendant's want of care; * * *." (Emphasis supplied.)
In a more recent case of Schott v. Pancoast Properties, Fla., 57 So.2d 431, 432, the Court said:
"The doctrine may not be invoked unless it appear that the thing causing the injury was so completely in the control of the defendant that, in the ordinary course of events, the mishap could not have occurred had there been proper care on the defendant's part.
"This exclusive control, with certain variations, Yarbrough v. Ball U Drive System, Fla., 48 So.2d 82, * * * is an indispensible element and, as a corollary, the doctrine cannot avail it, from the factual situation developed it could be reasonably inferred that the injury was attributable to another. Alabama Power Co. v. Bryant, 226 Ala. 251, 146 So. 602; Smith v. McClung, 201 N.C. 648, 161 S.E. 91; 65 C.J.S., Negligence, § 220, p. 1012." (Emphasis supplied.)
In this case the testimony of the plaintiff was to the effect that he got up on a fixture in the defendant's restaurant to assist in opening a shutter; that a dangerous ceiling fan was not running; that at the time, or about the time, he started to get down the ceiling fan was turned on without his knowledge and that the blade struck him as he was getting down from the fixture.
The testimony offered by the plaintiff was in direct conflict to that of the defendant. Mrs. Sarres, the wife of the defendant, testified as follows:
"A. * * * Then I proceeded on into the soda fountain place and turned on the fan. Like I said, it was hot, so I turned on the fan because the place was stuffy. Then I proceeded to the counter. We have a table where we put the *926 dishes and glasses on one side underneath the shelf.
"Q. How many fans were there? A. Two, sir.
"Q. Two? A. Yes, sir, one on the center of one shutter and the other on the center of the top shutter. Then I started to get up on this corner, the end of the counter * * *
"Q. All right, now what did you do? A. Well, I started to get on the counter, on that table, to get up there on the table and then on the cabinet to open the shutter like I always do, from my right. As I was getting up, of course, when I started to get up I always looked towards this end into the dining room, and Mr. Frash was standing at the archway and when he saw me he came on over and said, `Now, Mrs. Sarres, let me do that for you', and I told him, `No, Mr. Frash, I do that all the time, whenever I am there by myself or with Daddy. I have done it many times before'. But he got up there and when he got on the soda fountain, on the cabinet and let the window up and as he turned back to come down, I told him `No, not this way, Mr. Frash', he must turn to his right to come down, and I said, `Turn the other way, the fan * * *', and by the time I said `the fan', it had already hit him above his eye glass. He was wearing glasses and they didn't break.
"Q. You say you turned the fans on, yourself? A. Yes, sir, both fans when I went in.
"Q. Was that before any attempt was made to raise the shutter? A. Yes, sir."
It therefore appears that there were direct conflicts in the evidence as to material questions. In direct conflict with the evidence of the plaintiff was the evidence of Mrs. Sarres that she turned on both fans as she entered the building and before any attempt was made to open the shutter. According to her testimony both fans were running at the time plaintiff got up on the fixture to assist in opening the shutters. She further testified that the plaintiff started to go down from the fixture in a different course or direction from that he had used in going up onto the fixture. All of these questions about which there were conflicts in the testimony were for the jury to settle. The defendant offered evidence from which a jury could very well draw the conclusion that there was no proper care on plaintiff's part and that he was guilty of contributory negligence. This testimony of the defendant, if believed by the jury, constituted an explanation for the accident showing that the defendant was not guilty of negligence and that the plaintiff was guilty of contributory negligence.
Under the evidence and the facts disclosed by this record the doctrine of res ipsa loquitur does not apply. A careful study of this record fails to reveal any error.
Affirmed.
SEBRING, C.J., and TERRELL and HOBSON, JJ., concur.