386 So.2d 1303 (1980)
Joan K. BENIGNO, Appellant,
v.
CYPRESS COMMUNITY HOSPITAL, INC., Appellee.
No. 79-1269.
District Court of Appeal of Florida, Fourth District.
August 20, 1980.
Rehearing Denied September 17, 1980.
Leo Greenfield, Law Offices of Leo Greenfield, P.A., North Miami, for appellant.
Ricardo J. Cata of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee.
BERANEK, Judge.
Plaintiff appeals from a final judgment after jury verdict in a medical malpractice/wrongful death action against a hospital/health care provider. We affirm.
Plaintiff's husband, a stroke victim, was hospitalized in defendant, Cypress Community Hospital, Inc. While recovering from surgery, Mr. Benigno fell from a chair in which he had been placed by a hospital employee pursuant to his doctor's orders. *1304 A restraining device had been used to secure him in the chair. Several days later, Mr. Benigno died from a pulmonary embolism. Mrs. Benigno sued the hospital asserting that the fall caused her husband's death and that the hospital was negligent. The trial court denied plaintiff's request for an instruction on res ipsa loquitur and submitted the case to the jury on the issues of defendant's negligence and causation. The jury returned a verdict for defendant.
Plaintiff argues on appeal that the trial court erroneously denied her requested jury instruction on res ipsa loquitur. The doctrine of res ipsa loquitur applies, "... when direct evidence of negligence is unavailable to the plaintiff due to the unusual circumstances of the injuring incident." Goodyear Tire & Rubber Co. v. Hughes Supply, Inc., 358 So.2d 1339, 1341 (Fla. 1978). Plaintiff herein failed to establish the essential elements of the doctrine[1] and to demonstrate a lack of available evidence pertaining to the occurrence. In fact, contrary to application of the doctrine, plaintiff presented substantial direct testimony regarding the defendant's alleged negligence in placing decedent in the chair. In attempting to prove the hospital's negligence, plaintiff introduced the testimony of numerous experts, the hospital personnel, and the doctors and nurses involved in decedent's care. We conclude this was not a proper case for a res ipsa loquitur instruction.
We further conclude that the jury's verdict of no liability is well supported by the evidence and that the plaintiff has failed to demonstrate reversible error. The evidence tending to show any causal connection between the fall and the eventual death was extremely weak. Furthermore, at no point during the proceeding did plaintiff seek to separate the issues of negligence and causation. Even if we assume that the hospital was negligent in allowing decedent to fall from the chair, plaintiff does not seek recovery for the direct trauma of the fall. There was barely enough evidence to take the case to the jury on the issue of causal connection between the fall and the death, and the verdict was definitely not against the weight of the evidence.
Plaintiff has failed to demonstrate that the absence of a res ipsa loquitur instruction was error or that the jury's verdict was otherwise improper. Final judgment below is, therefore, affirmed.
AFFIRMED.
GLICKSTEIN, J., and SIMONS, STUART M., Associate Judge, concur.
NOTES
[1] Plaintiff must prove two elements for application of the doctrine:

(1) The instrumentality involved was under the exclusive control of the defendant.
(2) The accident is one that would not have occurred without negligence on the part of the one in control. Goodyear Tire & Rubber Co. v. Hughes Supply, Inc., supra, 1341-1342.