418 So.2d 261 (1982)
CITY OF NEW SMYRNA BEACH UTILITIES COMMISSION, Petitioner,
v.
Robert McWHORTER, Respondent.
No. 60961.
Supreme Court of Florida.
July 29, 1982.
*262 Jacqueline R. Griffin of Dempsey & Slaughter, Orlando, for petitioner.
Judson I. Woods, Jr., of Woods & Watson, New Smyrna Beach, for respondent.
McDONALD, Justice.
We have for review McWhorter v. City of New Smyrna Beach Utilities Commission, 400 So.2d 23 (Fla. 5th DCA 1981), because of conflict with Goodyear Tire & Rubber Co. v. Hughes Supply, Inc., 358 So.2d 1339 (Fla. 1978). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution, and quash the holding of the district court.
In April 1978 an accumulation of paper, of unknown origin, caused an obstruction in a New Smyrna Beach main sewer line at a point near the McWhorter residence. This blockage impeded the normal flow of sewage, and sewage and water backed up through the McWhorter's lateral line and flooded into their house, causing extensive damage. The McWhorters filed suit against the city for damages, pleading estoppel, negligence, nuisance, trespass, and contract in a single-count complaint. Refusing to give requested instructions on res ipsa loquitur, nuisance, trespass, or estoppel, the circuit court instructed the jury only on simple negligence. The jury returned a verdict for the city. On appeal, the Fifth District Court of Appeal reversed and remanded for a new trial, finding that the McWhorters had established the elements of res ipsa loquitur and should have benefitted from an instruction on that theory.
The issue before this Court is whether the district court correctly ruled that the circuit court's failure to give jury instructions on res ipsa loquitur constituted reversible error. We must answer in the negative, finding that the district court misapplied the doctrine of res ipsa loquitur as discussed in Goodyear Tire & Rubber Co. v. Hughes Supply, Inc., 358 So.2d 1339 (Fla. 1978).
In Goodyear, which involved the applicability of res ipsa loquitur to "exploding tire" cases, this Court set forth the essential elements of the doctrine, stating:
The time seems propitious simply to address the dimensions of the doctrine headon, and in so doing to restore the inference of negligence to its historically proper bounds  that is, when direct evidence of negligence is unavailable to the plaintiff due to the unusual circumstances of the injuring incident.
Res ipsa loquitur  "the thing speaks for itself"  is a doctrine of extremely limited applicability. It provides an injured plaintiff with a common-sense inference of negligence where direct proof of negligence is wanting, provided certain elements consistent with negligent behavior are present. Essentially, the injured plaintiff must establish that the instrumentality causing his or her injury was under the exclusive control of the defendant, and that the accident is one that would not, in the ordinary course of events, have occurred without negligence on the part of the one in control.
Id. at 1341-42 (footnotes omitted).
Given the restrictive nature of the doctrine, a court should never lightly provide this inference of negligence. Rather, it is incumbent upon the plaintiff to present his or her case in a manner which demonstrates and satisfies each of the doctrine's requisite elements and only after the plaintiff carries this burden of proof may a court supply the inference. As we stated in Goodyear:
Plainly, the threshold inquiry is whether that which occurred is a phenomenon which does not ordinarily happen except in the absence of due care. The initial burden is on the plaintiff to establish that the circumstances attendant to the injury are such that, in the light of past experience, negligence is the probable cause and the defendant is the probable actor. An injury standing alone, of course, ordinarily *263 does not indicate negligence. The doctrine of res ipsa loquitur simply recognizes that in rare instances an injury may permit an inference of negligence if coupled with a sufficient showing of its immediate, precipitating cause.
Id. at 1342 (footnote omitted).
At the risk of redundancy, we would add that res ipsa loquitur is applicable only if all of its requisite elements are present in a given case. Consequently, the McWhorters could benefit from the doctrine only if they had shown that: 1) direct evidence of the city's negligence was unavailable; 2) the line ordinarily would not have become obstructed and that the sewage ordinarily would not have flooded their home absent negligence by the city; and 3) the main sewer line and all that entered it was under the exclusive control of the city. The McWhorters, however, failed to allege, much less prove, any of the above. Rather, the record reveals that at trial, the McWhorters showed only the occurrence and results of the city line stoppage, asserting that, since they in no way caused or were responsible for the obstruction, the damage-causing obstruction could only have been the product of negligent and improper maintenance by the city. By so limiting their presentation of evidence, the McWhorters failed to carry their initial burden of proof and neglected to demonstrate the necessary elements of the doctrine. This oversight alone precludes application of res ipsa loquitur and proves fatal to their cause.
Moreover, in contrast to the McWhorters' virtual inaction at trial, the city actively presented evidence which emphasized the inapplicability of res ipsa loquitur to this case. In demonstrating that externally introduced objects frequently cause line blockages despite reasonable preventative safeguards, the city effectively undercut any argument that a sewage back-up such as that which injured the McWhorters was of such an extraordinary nature as to preclude any cause other than the city's negligence. Additionally, the city produced detailed testimony relative to its own, as well as other cities', sewer line experiences and maintenance procedures and adduced evidence that the New Smyrna Beach sewer lines were regularly inspected and adequately maintained  thereby illustrating that "the facts surrounding the incident were discoverable and provable, and ... not of a nature typically suggestive of negligence by the [city]." 358 So.2d at 1342. Furthermore, any inference of the city's negligence was inappropriate because the McWhorters "failed to allege and prove the essential element of defendant's exclusive control over the injury-causing instrumentality." Id.
To overcome these evidentiary deficiencies, the district court was forced to expand "the doctrine far beyond its intended perimeters, both by liberalizing the elements requisite to its application and by allowing the development of inferences not only as to the incident itself but also as to pre-incident acts." Id. Certainly, the district court's desire to provide relief to the McWhorters is understandable. The family's suffering, occasioned by such a disgusting invasion of their home, would incite the sympathy of any feeling person. But regardless of the magnitude of the McWhorters' misfortune, the facts of this case do not justify the court's efforts to provide that relief through the invocation of res ipsa loquitur. As we noted, the McWhorters' evidentiary omissions at trial foreclosed the use of the doctrine.
However, even had the McWhorters been more thorough, and the city less vigorous, in the presentation of evidence at trial, res ipsa loquitur is inapplicable here simply because the control element of the doctrine is lacking. The district court, in determining that "the city had exclusive control over the design, maintenance, and operation of the system," McWhorter v. City of New Smyrna Beach Utilities Commission, 400 So.2d 23, 25 (Fla. 5th DCA 1981), stated:
Here, appellants had no control or voice in the operation, design or installation of the sewer system. Appellee installed the system, performed the maintenance and established the conditions and methods for tying into the sewer lines. It determined *264 the size, number and locations of the system's lines, manholes and clean-outs. It also determined the number of homes which the sewer would serve and when and where the lines were cleaned and inspected. It knew blockages occur.
With this we have no argument. However, it is one thing to say that the city had exclusive control over the construction and operation of the sewer system but quite another to say that the city did, or could, have control over what entered the system. It was, after all, the object in the system, and not any defect in the system itself, which caused the reverse flow of sewage which flooded the McWhorter residence.
Here, the city was clearly not responsible for the bundle of papers which caused the stoppage. Moreover, the city obviously could not control what users flushed down their toilets. Nor could the city realistically be expected to control or dictate what third parties might put into storm drains or manholes. The unknown origin of the obstruction in the sewer line bears dramatic testimony to this. Any number of inappropriate objects may be, and are, forced into a public sewer system at any given time with potentially catastrophic results. Accordingly, the efficient working of a city's sewer system is in large measure dependent upon the good sense and responsibility of the users it serves. The district court's conclusion that the city's "exclusive control is not defeated by the fact that other persons have access to the system because the very purpose of the system is to carry away the collective wastes of the community" (400 So.2d at 25) comports with neither logic nor experience. In fact, it is this very public access to the sewer line which defeats the requisite degree of control and renders the doctrine of res ipsa loquitur inapplicable to a case such as this where an obstruction, not caused by a defect in the design or construction of the system itself, produces an injury-causing sewer back-up.[*]
The circuit court correctly denied the McWhorters' requested instructions on res ipsa loquitur and correctly submitted the case to the jury as one of simple negligence dependent upon circumstantial evidence. Accordingly, we quash the opinion of the district court with directions to reinstate the trial court judgment.
It is so ordered.
ALDERMAN, C.J., and OVERTON, SUNDBERG and EHRLICH, JJ., concur.
ADKINS and BOYD, JJ., dissent.
NOTES
[*] For this, and other reasons, other jurisdictions have determined that res ipsa loquitur is inapplicable to obstruction-caused sewage back-up cases. Jivelekas v. City of Worland, 546 P.2d 419 (Wyo. 1976); Freitag v. City of Montello, 36 Wis.2d 409, 153 N.W.2d 505 (1967); Reich v. Salt Lake City Suburban Sanitary Dist. No. 1, 29 Utah 2d 125, 506 P.2d 53 (1973); Ward v. City of Charlotte, 48 N.C. App. 463, 269 S.E.2d 663 (1980). The cases cited by the district court as supporting its holding are distinguishable on a factual basis. In those cases, damage resulted not from obstructions in the line, but, rather, from defects in the system itself. Hull v. City of Griggsville, 29 Ill. App.3d 253, 330 N.E.2d 293 (1975) (damage from sewage back-up caused by break in underground sewer line); Royal Furniture Co. v. City of Morgantown, 263 S.E.2d 878 (W. Va. 1980) (damage caused by break in water main). In such cases a city could be charged with exclusive control over the injury-causing instrumentality, thus rendering the application of res ipsa loquitur more plausible. Although the court in Cummins v. City of West Linn, 21 Or. App. 643, 536 P.2d 455 (1975), found res ipsa loquitur applicable in a sewage back-up case, the Oregon court's decision conflicts with the principles of the doctrine established by this Court, and hence has no persuasive value.