445 So.2d 614 (1984)
METROPOLITAN DADE COUNTY, Appellant,
v.
Anne St. CLAIRE and Douglas St. Claire, Her Husband, Appellees.
No. 83-386.
District Court of Appeal of Florida, Third District.
January 31, 1984.
Rehearing Denied March 12, 1984.
*615 Robert A. Ginsburg, County Atty. and Roy Wood, Asst. County Atty., for appellant.
Horton, Perse & Ginsberg and Arnold R. Ginsberg, Brumer, Cohen, Logan & Kandell, Miami, for appellees.
Before HENDRY, DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
Metropolitan Dade County appeals from an adverse judgment entered upon a jury verdict finding the County liable, through the negligence of one of its police officers, for damages to the plaintiff Anne St. Claire. Finding merit in the County's contentions that the trial court erred in instructing the jury on res ipsa loquitur and that such error was harmful, we reverse the judgment under review and remand the cause for a new trial.
On October 7, 1980, at around 1:20 a.m., three Dade County Police Officers went to a hotel to make an arrest. In her capacity as the night clerk and assistant manager of the hotel, St. Claire let the officers into the lobby, a room approximately fifteen feet long and fifteen feet wide. When the officers entered, they saw a large German Shepherd dog. When the dog started growling and got on its hind legs, the officers started to back out of the lobby. The *616 dog lunged at Mundy, grabbing Mundy's kneecap in his teeth. According to Officers Mundy and Fisher, the dog's action propelled Mundy into the jalousie windows and precipitated Mundy's attempt to beat the dog off him. According to St. Claire, Mundy fell into the glass jalousies and started to beat the dog off before he was attacked. Under either version of the facts, the dog continued to grip Mundy's knee in his teeth. By St. Claire's account, the dog's teeth were in Mundy's knee about ten seconds when Mundy drew his gun and shot; by the officers' account, approximately thirty seconds had elapsed from the time of the attack to the shooting. St. Claire testified that she was standing two feet in front of Mundy and that as she reached for the dog, Mundy shot the dog, the bullet passing through St. Claire's arm. Mundy and Fisher stated that St. Claire was standing two or three feet to Mundy's right, and Mundy turned away from St. Claire and shot at the dog. St. Claire sued Mundy and Dade County, later dismissing Mundy as a defendant.
At the conclusion of the trial, the court, over the County's objection, instructed the jury:
"The Court instructs you that if you find from the evidence that the plaintiff was shot in the arm and injured by a gun in the hands of Detective Mundy, at the time said gun discharged or fired, that said gun was under the exclusive control and management of Detective Mundy, and that the firing of said gun shot into the arm of the plaintiff was such an occurrence as in the ordinary course of events would not happen if due care had been exercised by Detective Mundy, then these facts alone would afford you sufficient evidence to find for the plaintiff, in the absence of any sufficient explanation on the part of Detective Mundy, tending to show that the injury was not due to his want of care.
"In other words, the burden would fall on the defendant to explain the act of the shooting of the plaintiff in the arm with said gun. If the defendant failed to explain said act to your satisfaction or, rather, by the greater weight of the evidence, then you would have sufficient evidence to find for the plaintiff."[1]
The Florida Supreme Court recently revisited the doctrine of res ipsa loquitur in Goodyear Tire & Rubber Co. v. Hughes Supply, Inc., 358 So.2d 1339 (Fla. 1978). The teaching of Goodyear is that the inference of negligence which res ipsa loquitur provides is proper only "when direct evidence of negligence is unavailable to the plaintiff due to the unusual circumstances of the injuring incident." 358 So.2d at 1341. As the court stated:
"Res ipsa loquitur  `the thing speaks for itself'  is a doctrine of extremely limited applicability. It provides an injured plaintiff with a common-sense inference of negligence where direct proof of negligence is wanting, provided certain elements consistent with negligent behavior are present. Essentially, the injured plaintiff must establish that the instrumentality causing his or her injury was under the exclusive control of the defendant, and that the accident is one that would not, in the ordinary course of events, have occurred without negligence on the part of the one in control."
358 So.2d at 1341-42 (footnotes omitted).
Even more recently, the same court emphasized that:

*617 "Given the restrictive nature of the doctrine, a court should never lightly provide this inference of negligence. Rather it is incumbent on the plaintiff to present his or her case in a manner which demonstrates and satisfies each of the doctrine's requisite elements and only after the plaintiff carries this burden of proof may a court supply the inference."

City of New Smyrna Beach Utilities Commission v. McWhorter, 418 So.2d 261, 262 (Fla. 1982).
Applying these tests for entitlement to a res ipsa loquitur instruction to the present case, we think it clear that the instruction should not have been given below. First, there is not the slightest evidence to establish that injuring another by shooting a gun is such an occurrence as in the ordinary course of events would not happen in the absence of due care being exercised by the person who discharged the weapon.[2] But even if, arguendo, it could be said that accidental shootings do not occur in the absence of negligence on the part of the shooter, it is abundantly clear that the facts surrounding the incident in this case were both discoverable and provable and that direct evidence of Mundy's negligence as the cause of the injury was available to  indeed, shown by  the plaintiff. See Goodyear Tire & Rubber Co. v. Hughes Supply, Inc., 358 So.2d 1339 (plaintiff not entitled to res ipsa loquitur instruction where direct proof of negligence and cause of injury discoverable and provable at trial); Frash v. Sarres, 60 So.2d 924 (Fla. 1952) (same); Ploetz v. Big Discount Panel Center, Inc., 402 So.2d 64 (Fla. 4th DCA 1981) (same); Benigno v. Cypress Community Hospital, Inc., 386 So.2d 1303 (Fla. 4th DCA 1980) (same). Therefore, at least one requisite element of the doctrine of res ipsa loquitur was not satisfied, and accordingly, the plaintiff was not entitled to the benefit of the instruction.
St. Claire contends, however, that there is nothing in the opinion in Goodyear to preclude reliance on res ipsa loquitur even if there exists proof of specific acts of negligence. Although we agree with this contention, our agreement is little comfort to St. Claire.
In South Florida Hospital Corp. v. McCrea, 118 So.2d 25 (Fla. 1960), upon which St. Claire relies, the plaintiff, in the recovery room after surgery, sustained fractures of both arms. In her subsequent action against the hospital and its agents, the plaintiff alleged that she was injured as a result of the hospital's negligence in permitting her to fall while under anesthesia, that is, while under the defendants' total control. The defendants contended that the plaintiff's injuries were probably self-inflicted by the plaintiff's involuntary convulsions. Under these circumstances, where the exact cause of the plaintiff's injuries was speculative and evidence to establish it unavailable, the Florida Supreme Court, adopting the majority rule that a plaintiff may, in certain cases, resort to both evidence of specific negligence as well as the inferences of res ipsa loquitur, held that an instruction on res ipsa loquitur was proper. The court characterized this majority rule as follows:
"[T]he introduction of evidence of specific negligence which does not clearly establish the precise cause of the injury, will not preclude reliance on the otherwise-applicable res ipsa doctrine. The view is taken that, except in the clearest cases, both the specific evidence and the appropriate inferences from the happening of the accident should be permitted to go to the jury, which, if it rejects the specific proof, may still find against the defendant on the basis of inference."

*618 South Florida Hospital Corp. v. McCrea, 118 So.2d at 29 (emphasis supplied).
However, as McCrea itself acknowledged in finding no conflict with Frash v. Sarres, 60 So.2d 924, "there is no need or room for the operation of any inference or presumption under the res ipsa loquitur doctrine where the evidence in the case reveals all of the facts and circumstances surrounding the occurrence in the suit and clearly establishes the precise cause of plaintiff's injury." South Florida Hospital Corp. v. McCrea, 118 So.2d at 30. Thus, where there is no direct evidence to establish the precise cause of the injury, although there is some direct evidence of negligence, the rule of McCrea survives and continues to permit a res ipsa loquitur instruction. But, as in the present case and as in Frash, Ploetz and Benigno, where the evidence adduced by the plaintiff clearly establishes the circumstances surrounding the occurrence and the precise cause of the injury to the plaintiff, the rule of McCrea is not controlling.
Finally, St. Claire tells us that even if the giving of the res ipsa loquitur instruction was error, the error was harmless. But the evidence as to Mundy's negligence vel non was in dispute, and the effect of the res ipsa loquitur instruction was to shift the burden of proof to Dade County to prove that Mundy was not negligent. See Orme v. Burr, 157 Fla. 378, 25 So.2d 870 (1946). The giving of an instruction which erroneously shifted the burden of proof cannot be considered harmless error on this record. See Howells v. Currie, 97 Fla. 648, 122 So. 2 (1929). Cf. Hollingsworth v. Norris, 77 Fla. 498, 81 So. 782 (1919) (no error if jury instruction correctly states burden of proof, even if jury instruction was unnecessary).
Because this case must be remanded for a new trial, we deem it appropriate to address one further error urged by the County so as to avoid its reoccurrence on retrial. The County proffered evidence consisting of (1) the testimony of an expert in hotel and motel security concerning the special responsibility befalling the custodian of an attack-trained dog which is kept in an area such as a motel or hotel inhabited by people whose behavior is unpredictable, and (2) Dade County ordinances[3] which essentially make it unlawful for the party responsible for controlling a dog to fail to exercise proper care and control. This evidence was excluded on the sole ground that the evidence was not relevant to any issue in the case.[4] Since the trial court, in respect to the proffered testimony of the expert, commented that the testimony was relevant to Officer Mundy's case against the hotel owner, but not to St. Claire's suit against the County, and since St. Claire's comparative negligence was so obviously a relevant issue in this case, we can only surmise that the trial court may have believed that St. Claire's negligence in failing to control the dog could not have proximately caused the injuries she sustained. *619 While it is true that a defendant's negligence or a plaintiff's contributory negligence is irrelevant unless such negligence could have proximately caused the injury, see Hoffman v. Jones, 280 So.2d 431 (Fla. 1973) (liability exists only when negligent act was a legal, proximate cause of result); Tynan v. Seaboard Coastline Railroad Co., 254 So.2d 209 (Fla. 1971) (same, contributory negligence); Nelson v. Ziegler, 89 So.2d 780 (Fla. 1956) (same); Bessett v. Hackett, 66 So.2d 694 (Fla. 1953) (same); Atlantic Coastline R. Co. v. Weir, 63 Fla. 69, 58 So. 641 (1912) (same); see also Restatement (Second) of Torts §§ 465, 468 (1965); W. Prosser, Law of Torts § 65 (4th ed. 1977), whether St. Claire's negligence in allowing the dog to run loose without proper supervision proximately caused her injuries is a question of fact for the jury to decide, Stahl v. Metropolitan Dade County, 438 So.2d 14 (Fla. 3d DCA 1983). Therefore, the proffered evidence should have been admitted.
Reversed and remanded for a new trial.
NOTES
[1] St. Claire argues that the foregoing instruction is not a res ipsa loquitur instruction at all in that, unlike Standard Jury Instruction 4.6, which permits the jury to "infer" the defendant's negligence, there is no reference to an inference in the instruction given. While it is true that the phrase used, "sufficient evidence," describes the legal test to be employed by the court in determining whether a jury question is presented and is thus inappropriate in a jury instruction, the instruction given  "these facts alone would afford you sufficient evidence to find for the plaintiff"  is, in our view, the functional equivalent of "you may infer that the defendant was negligent." Indeed, the language "these facts alone would afford you sufficient evidence to find for the plaintiff" was formerly a part of the res ipsa loquitur instruction. See, e.g., Skinner v. Ochiltree, 148 Fla. 705, 5 So.2d 605 (1941).
[2] Skinner v. Ochiltree, 148 Fla. 705, 5 So.2d 605, relied on by the trial court to justify the giving of the res ipsa loquitur instruction, although holding that the instruction should have been given despite the availability of direct evidence of negligence on the defendant's part (a holding that, in our view, was overruled sub silentio in Goodyear Tire & Rubber Co. v. Hughes Supply, Inc., 358 So.2d at 1343 n. 12) does not hold that as a matter of law all plaintiffs injured by the discharge of a firearm are entitled to a res ipsa loquitur instruction.
[3] Sections 5-3 and 5-6 of the Dade County Code, which provide:

"§ 5-3. Dade County Code.
"(1) Responsible party shall be defined to include any person, persons, firms, corporations or associations owning, harboring, keeping or controlling a dog or dogs within the county. Wherever the words `owner' or `person' are used in this article, these words shall mean responsible party."
"§ 5-6. Dade County Code.
"(c) Public nuisance. It shall be unlawful for any responsible party to fail to exercise proper care and control of his dog or dogs to prevent them from becoming a public nuisance. Molesting passersby, unprovoked biting causing physical damage, chasing vehicles, attacking other domestic animals, trespassing upon school grounds, or trespassing upon private property in such manner as to damage property, shall be deemed a public nuisance."
[4] There does not appear to be any dispute about the expert's qualifications or that the area of his testimony was one which was not properly the subject of expert testimony. As to the applicability of the ordinance to St. Claire, the trial court conceded that the jury could find from the evidence that she was the dog's keeper at least on the evening in question. Of course, if the ordinance applied to St. Claire, a violation of it was prima facie evidence of her negligence. See deJesus v. Seaboard Coast Line Railroad Co., 281 So.2d 198 (Fla. 1973).