PETERSON, Chief Judge.
Maryann Monforti, her husband and two children, appeal a final judgment entered in favor of K-Mart, Inc., after a jury trial. The primary complaint on appeal raised by the Monfortis is the trial court’s denial of their request to issue a res ipsa loquitur instruction to the jury. We agree with the trial court that the request was properly denied.
According to Maryann Monforti’s recollection of the incident giving rise to this suit, she was standing near a K-Mart employee who was stocking hanging file folders on a shelf above merchandise in which she was interested. After a few minutes, the clerk moved down the aisle to the right, and Maryann walked over to the shelf, and “squatted down to look over the books that [she] needed.” As she squatted, boxes of file folders fell from the shelf above, striking her on the head and neck area. She lost her balance and was hit again. The next thing she remembered was being on the floor and hearing someone asking if she wanted an ambulance.
The Monfortis sued K-Mart for maintaining a dangerous condition in its store by improperly using an inadequate lightweight adjustable shelf rather than a heavy duty shelf to hold the merchandise that fell upon Maryann. A count for punitive damages was included in their complaint.
A K-Mart employee’s version of the facts differed from Maryann’s. The employee testified that she was replacing labels on merchandise opposite the display containing the file folders and was not stocking file folders on the day Maryann received her injuries. Hearing something fall, the employee turned around, saw merchandise on the floor and saw a shaken Maryann standing and holding her head or shoulder. After offering help that Maryann refused, the employee recovered the merchandise from the floor and observed that a shelf had collapsed. The shelf was at an angle, tipped, with one end still attached to the display. The shelf had adjustable brackets or pins that adjust, and the brackets were bent. The employee then replaced the damaged shelf with a heavy duty shelf.
*633 Other K-Mart employees testified that two or three managers plus associates walk through the store daily and are trained to look for problems, that safety committees meet weekly, that safety is stressed in videos and training, and that an average of 12,000 customers per week visited this particular store. Ultimately, the trial court directed a verdict in favor of K-Mart on the issue of punitive damages. The jury found no negligence on the part of K-Mart.
The Monfortis’ primary complaint is that the trial court erred by refusing to instruct the jury on res ipsa loquitur. Under this doctrine of extremely limited applicability, the plaintiff must show the instrumentality which cause the accident was under the exclusive control of the defendant, and that the accident would not normally occur but for negligence on the part of the one in control. Furthermore, the doctrine only applies where direct proof of negligence is wanting or unavailable. Goodyear Tire & Rubber Co. v. Hughes Supply, Inc., 358 So.2d 1339, 1341 (Fla. 1978). Pinecrest Stables, Inc. v. Hill, 487 So.2d 82 (Fla. 5th DCA 1986). In the instant case it is not clear that the instrumentality that caused the injury was under the exclusive control of the defendant. There was evidence presented that the highest box on the shelf was well within the reach of K-Mart’s customers and that visits by customers to this particular store average 12,000 per week.
Additionally, direct proof of negligence was not wanting or unavailable in the Monfortis’ case. The Monfortis introduced expert opinions in an attempt to prove to the jury that the shelf that collapsed was not adequate to support the weight of the merchandise on display. One expert, a consulting engineer, explained how he conducted tests intended to recreate conditions as they existed just prior to the accident. He opined that the shelf used by K-Mart was inappropriate because. the load capacity should have been at least two or three times greater than what it would carry. This testimony alluded to specific acts of negligence including K-Mart’s use of a display shelf incapable of supporting the weight of the merchandise on display. The res ipsa loquitur instruction, thus, was properly denied for the additional reason that substantial direct proof of negligence was presented for the jury to consider. Ploetz v. Big Discount Panel Center, Inc., 402 So.2d 64 (Fla. 4th DCA 1981) (instruction properly denied where plaintiff presented testimony that employees had improperly stacked panels of wood that fell on plaintiff); Benigno v. Cypress Community Hospital, Inc., 386 So.2d 1303 (Fla. 4th DCA 1980) (plaintiff, who provided substantial direct testimony that hospital employees were negligent in placing patient in a chair from which he fell, did not demonstrate lack of available evidence such as would entitle her to res ipsa loquitur instruction).
We find no merit in the remaining issues raised in the appeal and affirm the judgment of the trial court.
AFFIRMED.
GOSHORN, J., concurs.
W. SHARP, J., concurs in part; dissents in part with opinion.