**Armando DE ZAYAS and Elena De Zayas, Plaintiffs,**

v.

**BELLSOUTH TELECOMMUNICATIONS, INC., Defendant.**

**Case No. 11–21193–Civ.**

United States District Court,
S.D. Florida,
Miami Division.

Jan. 18, 2012.

Matthew Leonard Jones, Jones & Adams, Miami, FL, for Plaintiffs.

Lars Olgerts Bodnieks, Franklin Gordon Cosmen, Jr., Jay Donald O'Sullivan, Quintairos Prieto Wood & Boyer P.A., Miami, FL, for Defendant.

*ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS*

ROBERT N. SCOLA, JR., District Judge.

THIS MATTER is before the Court on the parties' cross-motions for summary judgment (ECF Nos. 49 & 57) and the Magistrate Judge's Report and Recommendations on those motions (ECF No. 129). The Magistrate Judge recommended that Defendant Bellsouth's Motion

for Summary Judgment be granted and that the Plaintiffs' Motion for Summary Judgment be denied. The Plaintiffs have objected to the Magistrate's recommendations.

This case centers on the Plaintiffs' allegations that a telephone pole installed adjacent to their property for four months in 2009 somehow contaminated their well water. However, the Plaintiffs have not established any causal connection between the telephone pole and any contaminants in the Plaintiffs' water supply. The Plaintiffs rely on a *res ipsa loquitor* theory of liability to make their case, but given the facts of this case that theory fails.

■ The Plaintiffs' opposition to the Magistrate Judge's recommendations is singularly focused on the August 16, 2011 lab report which purports to reveal levels of pentachlorophenol in the Plaintiffs' well water that are higher than the maximum contaminant level set by the Florida Department of Health. The Plaintiffs admit this report was not produced until after the close of discovery in this case.[1] This evidence was properly excluded as the Plaintiffs were given an adequate opportunity to prepare and to litigate this matter. The Plaintiffs have simply failed to proffer any evidence to make out a *prima facie* case on their claims.

■ Even if this Court were to accept the late report, summary judgment in favor of the Defendant would still be appropriate because the Plaintiffs have not presented any evidence to establish a causal link between the telephone pole and the increased levels of pentachlorophenol. The fact that the telephone pole was removed from Plaintiffs' property in December 2009, that a containment test in June 2011 revealed no pentachlorophenol in the Plaintiff's well water, and the fact that detectable amounts of pentachlorophenol are typically present in the ground water in Miami–Dade County renders the Plaintiffs' *res ipsa loquitor* theory of liability untenable. In short, the Plaintiffs have failed to proffer *any* evidence to establish causation for any of their claims. As the nonmoving party, the Plaintiffs are required to go beyond their pleadings and present admissible evidence demonstrating a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The Plaintiffs' argument that additional time was required for more extensive testing due to environmental conditions is also unavailing. The Plaintiffs have not submitted a single expert affidavit—now or at any time in this litigation—as a proffer to support their suggestion that additional time was needed in order to determine whether the Plaintiffs' property was "contaminated" as a result of the subject telephone pole.[2] As a final factor, the Court notes that the Defendant's Statement of Undisputed Material Facts (ECF No. 50) was deemed admitted because the Plaintiffs did not file an opposing statement of

---

1. This matter was filed in state court in February 2011 and was removed to this Court by the Defendant. (Compl., ECF No. 1–2.) The initial discovery deadline in this Court was set for July 12, 2011 by the predecessor trial Judge. (Scheduling Order, ECF No. 6.) The discovery deadline was later extended to August 12, 2011. (Scheduling Order, ECF No. 15.) The August 16, 2011 report was excluded by the Magistrate Judge on a motion *in limine*.

2. Presumably testing to establish that the Plaintiffs' property was in fact "contaminated" with pentachlorophenol would have been accomplished before filing this lawsuit. The Plaintiffs have not presented any argument or evidence why this was not, or could not be, accomplished.

facts controverting Defendant's Statement. S.D. Fla. L.R. 56.1(b); *see also Gossard v. JP Morgan Chase & Co.*, 612 F.Supp.2d 1242, 1245–1246 (S.D.Fla.2009). Moreover, many of the record citations relied on by the Plaintiffs in their Statement of Undisputed Facts (ECF No. 58) and in their Statement of Disputed Facts (ECF No. 71) do not stand for the propositions for which they were cited.

Having considered the Magistrate Judge's Report, the Plaintiffs' Objections, and having made a *de novo* review of the record, this Court finds the Magistrate Judge's Report and Recommendations cogent. It is **ORDERED and ADJUDGED** as follows:

1. Judge Brown's Report and Recommendation (ECF No. 129) is **AFFIRMED and ADOPTED.** The Plaintiffs' Objection to the Magistrate's Report (ECF No. 131) is **OVERRULED.**

2. The Plaintiffs' Motion for Summary Judgment (ECF No. 57) is **DENIED.** The Defendant's Motion for Summary Judgment (ECF No. 49) is **GRANTED.**

3. The Defendant's Motion to Strike (ECF No. 135) is **DENIED.**

4. The Clerk shall **CLOSE** this case.

## REPORT AND RECOMMENDATION

STEPHEN T. BROWN, United States Chief Magistrate Judge.

**THIS MATTER** is before the Court on Defendant Bellsouth Telecommunications, Inc., d/b/a AT & T Florida's Motion for Final Summary Judgment (D.E. 49), and on Plaintiffs Armando De Zayas and Elena De Zayas' Motion for Summary Judgment (D.E. 57). The Court has considered the motions, the responses and the replies, all supplemental filings, and all other pertinent materials in the file.

### Facts

Plaintiffs Armando and Elenna De Zayas sue Defendant Bellsouth Telecommunications, Inc., d/b/a AT & T Florida for damages, alleging that pentachlorophenol, a biocide and wood preservative, seeped into the ground from a wood utility pole owned by Defendant, ultimately contaminating the well from which Plaintiffs obtain water for their personal and household use.[1] Plaintiffs seek damages for permanent and continuing personal injury, economic and non-economic damages, and diminution in property value based on theories of: strict liability (Count I), reckless or negligent endangerment/failure to warn (Count II); trespass (Count III), private nuisance (Count IV), negligence (Count V), and violation of Florida's Water Quality Assurance Act, § 376.30, Fla. Stat. (2004) (Count VI).

The subject utility pole was installed adjacent to Plaintiffs' property in Miami–Dade County in August, 2009 and remained there for four months until December, 2009 when it was removed after Plaintiffs complained. Plaintiffs' "proof" of causation consists exclusively of their own testimony that in November, 2009, they smelled a "gas" or "gasoline" odor in their shower water, which smelled like the pole, and that the rocks surrounding the pole were discolored.

Plaintiffs have presented no documentary evidence or expert testimony as to the

---

1. There is no dispute that the utility pole at issue had been treated with pentachlorophenol, a United States Environmental Protection Agency approved biocide and wood preservative which is used to treat railroad ties, agricultural mulch film, and utility poles. Pentachlorophenol, which has a phenolic, as opposed to gas-like odor, biodegrades within days because of sunlight and microorganisms. *See* D.E. 80, Ex. A–E. Detectable amounts of pentachlorophenol are contained within the ground water in Miami–Dade County.

existence of pentachlorophenol in their well water or on their property.[2] A test performed on June 17, 2010 by a company hired by Plaintiffs indicated that pentachlorophenol was undetected in their well water. *See* Def. Ex. C.[3] Plaintiffs have not tested or analyzed the soil or rocks around the subject utility pole, or the soil on their property or between the utility pole and their well head.

Plaintiffs have no reported or documented medical injury as a result of the events alleged in the Complaint. Plaintiffs have not had any environmental studies or surveys performed on their property, nor have they presented any expert testimony as to any damage to or diminution in value of their property due to the alleged presence of pentachlorophenol.

Defendant moves for summary judgment on all counts; Plaintiffs move for summary judgment on Counts V and VI.

### *Discussion*

### I. *Standard on Motion for Summary Judgment*

The purpose of summary judgment is "to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting Fed.R.Civ.P. 56 advisory committee's note). Summary judgment is proper only when no genuine dispute as to any material fact exists and the moving party is entitled to a judgment as a matter of law. *H & R Block Eastern Enterprises,*

*Inc. v. Morris*, 606 F.3d 1285, 1290 (11th Cir.2010); Fed.R.Civ.P. 56.[4]

The moving party bears the initial burden of explaining to the Court the basis for the motion and identifying those portions of the record that demonstrate that there is no genuine dispute of material fact. *Allen v. Board of Public Educ. for Bibb County*, 495 F.3d 1306, 1313 (11th Cir. 2007). Thus the movant must either show that the nonmoving party has no evidence to support its case, or present "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1438 (11th Cir. 1991); *Hickson Corp. v. Northern Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir.2004). However, the Court must view all of the evidence in the light most favorable to the nonmoving party, with all reasonable inferences also being drawn in the nonmovant's favor. *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir.2002); *Siemens Power Transmission & Distribution, Inc. v. Norfolk Southern Railway Co.*, 420 F.3d 1243, 1248 (11th Cir.2005). If the movant is able to demonstrate either of the aforementioned requirements, the burden shifts to the nonmoving party to show that a genuine dispute remains for trial. *Dietz v. Smithkline Beecham Corp.*, 598 F.3d 812, 815 (11th Cir.2010).

A genuine dispute as to material fact exists only when "a reasonable jury could return a verdict for the nonmoving party."

---

**2.** Plaintiffs have been precluded from presenting any expert witnesses in this case, due to their failure to timely identify and/or disclose same. *See* D.E. 66.

**3.** Although the record does contain evidence of other tests conducted on the well water, the reports containing those test results were the subject of a motion in limine by Defendants, which this Court granted. *See* D.E. 112. Ac-

cordingly, the Court does not consider any of those reports for purposes of ruling on the summary judgment motions.

**4.** An issue of fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Allen,* 495 F.3d at 1313; *Hickson Corp.,* 357 F.3d at 1260. The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. *Anderson,* 477 U.S. at 247–48, 106 S.Ct. 2505.

Where a reasonable fact finder may "draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion." *Doe v. School Bd. of Broward County, Fla.,* 604 F.3d 1248, 1254 (11th Cir.2010) (quoting *Samples ex rel. Samples v. City of Atlanta,* 846 F.2d 1328, 1330 (11th Cir.1988)). However, if the facts and inferences overwhelmingly favor one side, such that a reasonable jury could only arrive at one verdict, then summary judgment must be granted as a matter of law. *Williams v. Dresser Indus., Inc.,* 120 F.3d 1163, 1167 (11th Cir.1997); *Bishop v. City of Birmingham Police Dept.,* 361 F.3d 607, 609 (11th Cir.2004). For the nonmovant to survive such a grant, there must be more than a mere scintilla of evidence. *Williams,* 120 F.3d at 1167.

## II. No Proof of Causation

Under Florida law, "[c]laims for trespass, negligence, nuisance, and strict liability all require proof that the defendant caused the pollution resulting in damages." *The St. Joe Co. v. Leslie,* 912 So.2d 21, 25 (Fla. 1st DCA 2005). Plaintiffs have presented no admissible evidence that pentachlorophenol seeped onto their property or into their well water, that the utility pole owned by Defendant was the source of any pentachlorophenol, or that they were damaged by any such seepage. To the extent that Plaintiffs have offered their own lay testimony, it is insufficient to create a gen-

uine dispute of fact. Accordingly, Defendant is entitled to summary judgment as to Counts I, III, IV and V.

## III. Reckless or Negligent Endangerment/Failure to Warn (Count II)

Plaintiffs base this claim on their argument that "due to the hazardous nature of the chemical on the utility pole," Defendant, as owner of the pole, had a duty to warn them "of the potential harm that could result from the pentachlorophenol chemical on the utility pole." Not only have Plaintiffs provided insufficient proof that they were indeed exposed to pentachlorophenol, even if they had, they have failed to proffer sufficient evidence that Defendant's utility pole was the source of that chemical. Accordingly, Defendant is entitled to summary judgment as to Count II.

## IV. Negligence (Count V)

In light of the lack of evidence of causation, Plaintiffs attempt to prove their negligence claim by way of the evidentiary doctrine of *res ipsa loquitur,* which "provides an injured plaintiff with a common-sense inference of negligence where direct proof is wanting," *Goodyear Tire & Rubber Co. v. Hughes Supply, Inc.,* 358 So.2d 1339, 1341 (Fla.1978). This claim is also unsuccessful. The doctrine is "of extremely limited applicability." *Id.* In order to succeed on this theory, Plaintiffs must establish "that the instrumentality causing his or her the injury was, at the time of the accident, within the exclusive control of the defendant, and that the accident is one that would not, in the ordinary course of events have occurred without negligence on the part of the one in control." *Id.* at 1341–42.

Plaintiffs have failed to present sufficient evidence of these elements to survive summary judgment. First, Plaintiffs have

failed to create a genuine dispute of fact as to whether there was an "event" which caused "an injury"—i.e., that any hazardous amount of pentachlorophenol was found in their water or on their property, or that there was an "instrumentality" that "caused" any injury. Moreover, Plaintiffs have admitted that detectable amounts of pentachlorophenol are contained within the ground water throughout Miami–Dade County. D.E. 68–1. Therefore, even if pentachlorophenol had been detected, Plaintiffs have failed to prove that this would not normally happen in the absence of negligence.

Accordingly, Defendant is entitled to summary judgment as to Count V for this additional reason.

## V. Violation of Florida's Water Quality Assurance Act (Count VI)

The section of the Act Plaintiffs rely on prohibits the discharge of "pollutants or hazardous substances into or upon the surface or ground waters of state or lands." *See Fla. Stat.* § 376.302(1)(a) (2004).[5] Because Plaintiffs have failed to provide any admissible documentary or expert testimony in support of their contention that a "pollutant" or "hazardous substance" was discharged into the surface or ground waters, they cannot succeed on this claim. Accordingly, Defendant is entitled to summary judgment as to Count VI.

### *Recommendation*

Based on the foregoing, the undersigned respectfully recommends that Defendant Bellsouth Telecommunications, Inc., d/b/a AT & T Florida's Motion for Final Summary Judgment (D.E. 49) be **GRANTED**, and that Plaintiffs Armando De Zayas and Elena De Zayas' Motion for Summary Judgment (D.E. 57) be **DENIED**.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Robert N. Scola, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger,* 847 F.2d 745 (11th Cir.1988), *cert. denied,* 488 U.S. 958, 109 S.Ct. 397, 102 L.Ed.2d 386 (1988).

---

**5.** Plaintiffs incorrectly reference this section of the statute in Count VI as § 376.30(3)(b).