NESBITT, Judge.
Plaintiff in a medical malpractice action appeals from a judgment entered in favor of three physicians.
Mrs. Marrero underwent surgery with Dr. Brewster administering a general anesthetic; Dr. Goldsmith performing a hemor-rhoidectomy; and Dr. Kitsos performing a “tummy tuck” and cyst removal. It was established at trial that before surgery Mrs. Marrero had full use of her left arm and that after the operation she complained of numbness and pain in her left arm which was diagnosed as bracial plexapathy. The plaintiff presented several expert witnesses to testify as to the cause of her injury. At least one expert testified that the injury was caused by the defendants’ incorrect positioning of the plaintiff’s arms during surgery or by the failure to change the arm *544 position during the course of the operations.
The first issue raised by Mrs. Marrero is that the trial court erred in denying her request to instruct the jury on res ipsa loquitur. The doctrine is one of extremely limited application. “It provides an injured plaintiff with a common-sense inference of negligence where direct proof of negligence is wanting, provided certain elements consistent with negligent behavior are present.” Goodyear Tire & Rubber Co. v. Hughes Supply, Inc., 358 So.2d 1339 (Fla.1978). We need not even' consider these elements because we find that direct proof of negligence is not wanting in this case. To the contrary, plaintiff presented expert testimony regarding the alleged negligence of the defendants. Metropolitan Dade County v. St. Claire, 445 So.2d 614 (Fla. 3d DCA 1984); Benigno v. Cypress Community Hospital, Inc., 386 So.2d 1303 (Fla. 4th DCA 1980). Accordingly, the trial court was correct in denying the requested instruction.
Plaintiff next contends that the court incorrectly allowed the court-appointed expert witness to testify as to causation when he was appointed for the exclusive purpose of ascertaining the physical condition of the plaintiff and the nature and extent of the claimed injuries. Since the doctor was competent to give an opinion as to causation and the plaintiff has been unable to show that she was surprised by the doctor’s testimony (in fact, she was aware of the testimony from the doctor’s written report before trial), we find no error in the admission of this testimony.
Additionally, with respect to the court-appointed physician, the plaintiff argues that the trial court improperly allowed defense counsel to refer to the expert as the court-appointed physician. No one can dispute the fact that the doctor was appointed by the court. Therefore, the plaintiff’s objection to this appellation must be that the court was placing its imprimatur on a witness who was not impartial. Mrs. Marrero did not challenge the doctor’s appointment previously and, of course, may not now be heard to complain.
By way of cross-appeal, Drs. Kitsos and Goldsmith challenge the adequacy of the attorneys’ fees award. Because there was no transcript of the proceeding, it is impossible for us to determine whether the trial court improperly rejected the affidavits in support of a higher award, or properly reduced the fees because the defendant was “insolvent or poverty stricken.” § 768.56(1), Fla.Stat. (1983). Accordingly, we must affirm the awards.
Affirmed.