656 So.2d 262 (1995)
N. Henry PEVSNER, M.D., Petitioner,
v.
Gertrude Ellen FREDERICK and Allstate Insurance Company, Respondents.
No. 94-3134.
District Court of Appeal of Florida, Fourth District.
June 21, 1995.
*263 Patrick B. Flanagan of Flanagan & Maniotis, West Palm Beach, for petitioner.
Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., and F. Kendall Slinkman, P.A., West Palm Beach, for respondents.
PER CURIAM.
Petitioner, a nonparty defense witness in the personal injury action below, seeks certiorari review of an order imposing sanctions against him for discovery violations. The order awards the plaintiff attorney's fees and costs incurred (to be paid by petitioner) as a result of the petitioner's refusal to answer questions during his deposition and his failure to appear for re-deposition. The order expressly stated that it was not holding the petitioner in contempt and includes no finding that the petitioner's disobedience was wilful. After the petition was filed, the trial court entered an order setting the amount of the costs and attorney's fees to be paid by the petitioner in accordance with the order under review, pending the outcome of these proceedings on the petition. We grant the petition and quash both orders,[1] concluding that the trial court departed from the essential requirements of the law in ordering sanctions against a nonparty for a discovery violation in the absence of a finding of contempt.
Rule 1.380(b)(1), Florida Rules of Civil Procedure (1994), provides for sanctions in the event that a nonparty deponent fails to comply with an order of the court requiring him to be sworn or to answer questions:
If a deponent fails to be sworn or to answer a question after being directed to do so by the court, the failure may be considered a contempt of the court.[[2]]
The rule does not expressly provide for the imposition of any other type of sanction if (as is the case here) the deponent is found not to be in contempt. The sanctions available under subsection (b)(2) of the rule are limited in their application to the parties or their agents. The petitioner argues that in the absence of a finding of contempt, the rule does not authorize any sanctions against a nonparty deponent. Our research did not reveal any Florida case that interprets subsection (b)(1) of the rule.[3]
In Florida Physicians Insurance Reciprocal v. Baliton, 436 So.2d 1110 (Fla. 4th DCA 1983), which admittedly dealt with a different subsection of rule 1.380(b), this court concluded that trial courts are limited to imposing those sanctions that are expressly provided for in the rule. Under this rationale, the sole sanction available for a nonparty deponent's failure to obey an order compelling his deposition is contempt. This result is compatible with M.S.S. v. DeMaio, 503 So.2d 1384, 1386 (Fla. 5th DCA 1987), in which the Fifth District Court of Appeal quashed an order that dismissed a minor's complaint (a subsection (b)(2) sanction) due to her nonparty parent's refusal to answer certain questions during their depositions. The court cautioned that the only sanction available was to find the parents in contempt under rule 1.380(b)(1).
Because the order below does not comply with the terms of rule 1.380(b)(1), insofar as it imposes a sanction on a nonparty after *264 refusing to find that nonparty in contempt, it constitutes a departure from the essential requirements of the law and must be quashed on certiorari review. In re Eisenberg, 466 So.2d 1221, 1223 (Fla. 4th DCA 1985) (probate rules); State v. Battle, 302 So.2d 782, 783 (Fla. 3d DCA 1974) (rules of criminal procedure).
DELL, C.J., and GLICKSTEIN, J., concur.
FARMER, J., concurs specially with opinion.
FARMER, Judge, concurring specially.
During the course of pretrial discovery, the trial court entered an order compelling answers to deposition questions by Dr. Pevsner, a person designated by defendant to be called to testify as an expert witness.[4] Dr. Pevsner then failed to appear at the deposition, and plaintiff moved to hold him in contempt and impose "sanctions," or remedies under rule 1.380(b)(2)(A)-(E).[5] The trial court disclaimed any contempt finding but granted the monetary remedy, namely attorney's fees and costs. It is that order that Dr. Pevsner has asked us to review.
In practice it is generally understood that the party designating an expert witness in civil actions becomes responsible for the expert's conduct as a witness, particularly as to scheduling and availability. Consequently, it is generally the designating party's burden to insure the expert's timely appearance for deposition or trial testimony. The necessary implication of party responsibility for the conduct of the expert in complying with discovery requirements would seem to be that the failure to do so can or should result in some imposition, such as the payment of costs and fees incurred or, more drastically, a loss of the right to call the expert to testify. The applicable rules, as we shall see, bear out that conclusion.
I note that there is no requirement in the civil rules directly obligating a party to call an expert witness; although of necessity it may be impossible to prove a critical fact without one. When substantive law makes it tacitly, if not explicitly, necessary to have an expert establish a fact in issue,[6] the choice of the particular specialty and expert are left entirely to the party who has the burden of establishing the fact in issue. We contrast this with fact witnesses, as to whom events  i.e. the transactions and occurrences in suit  determine the identity of witnesses and the necessity for their testimony.
There is now an identifiable commercial market for expert witnesses, with very intense competition in some specialties. That is certainly true in several medical disciplines. With the competition of the market comes the ability of the buyer to select the sellers whose products are the subject of the competition. That right of choice includes the right to bargain for contractual provisions requiring the expert witness to comply with the discovery processes and any orders of the court, so that the contracted services do not become unavailable by reason of the conduct of the expert. An inevitable consequence of that reality is that experts may be expected to bargain for the costs of compliance into the their contract with the party hoping to benefit from their services.
Rule 1.280(b)(4) addresses the procedure for the disclosure of expected expert witnesses *265 and provides for discovery of the facts they may know and the opinions they may hold. Subdivision (b)(4)(A) of the rule specifies that the court may control pretrial depositions of experts pursuant to subdivision (b)(4)(C), which in turn provides in relevant part:
"(C) Unless manifest injustice would result, the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivisions (b)(4)(A) and (b)(4)(B) of this rule; and concerning discovery from an expert obtained under subdivision (b)(4)(A) of this rule the court may require * * * the party seeking discovery to pay the other party a fair part of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert." [e.s.]
This rule obviously requires payment of expert fees from party to party, not from expert to party. The premise is that the party designating the expert is responsible for paying the expert, and the deposing party then pays the designating party.[7] At the same time, that rule must obviously be read along side of rule 1.390(c), which quite specifically addresses expert witness fees for depositions and provides:
"(c) Fee. An expert or skilled witness whose deposition is taken shall be allowed a witness fee in such reasonable amount as the court may determine. The court shall also determine a reasonable time within which payment must be made, if the deponent and party cannot agree. All parties and the deponent shall be served with notice of any hearing to determine the fee. Any reasonable fee paid to an expert or skilled witness may be taxed as costs."
This rule meshes with rule 1.280(b)(4) by providing a procedure to determine the amount of the expert's deposition fee that the one party must pay the other party. Thus the rules' framework centers around the designating party's responsibility and control of the expert, with provision for the opposing party to pay for the expert's time in pretrial depositions.
The general subject of a failure to make discovery is covered by rule 1.380. Subdivision 1.380(b)(1) authorizes the use of contempt powers to punish deponents,[8] but only as to witnesses who refuse to be sworn or answer a question after being directed to do so by the court. Subdivision 1.380(a) authorizes the circuit court in the place where a deposition is being taken under rule 1.310 to enter an order directed to a deponent and even to order that deponent to pay the costs of obtaining the order.
Depositions of expert witnesses, however, is not governed by rule 1.310. Rather, rule 1.280(b)(4)(B) provides that depositions of persons disclosed by interrogatories or otherwise as expected to be called as an expert witness at trial "may be deposed in accordance with rule 1.390 without motion or order of court." As we have already seen, subdivision 1.390(c) deals generally with fees and provides for the payment to the expert witness. If a nonparty, expert witness fails to comply with an order for a discovery deposition, however, there is nothing in rule 1.390 specifically authorizing the trial judge to require the expert witness to pay a party the costs or fees incurred as a result of the expert's noncompliance. A grant of such authority would necessarily imply that the expert witness has somehow been submitted to the court's jurisdiction for purposes of the expert witness's monetary liability in connection with the discovery processes.
Concededly, there is nothing in either rule that expressly allows the trial court to tax fees and costs directly resulting from the failure of a designated expert witness who is not a party to the action, much less to strike the expert from testifying at trial. But the mere fact that the rules fail to contain such a provision do not at all suggest that the power is not necessarily implied. I submit that that *266 is the only sensible meaning of the provisions relating to expert witnesses. The power to regulate the use and appearance of expert witnesses is one of those matters respecting the conduct of a trial that lie in the sound discretion of the trial judge. Webb v. Priest, 413 So.2d 43 (Fla. 3d DCA 1982). The judge has the power to exclude witnesses because of the failure of the party calling the them to comply with a pretrial order. Binger v. King Pest Control, 401 So.2d 1310 (Fla. 1981). Similarly, one basis to tax a party with costs or to refuse to permit an expert witness to be called to testify at trial would lie in a refusal by the witness to participate in pretrial discovery.
The right to call an expert to testify at trial is conditioned upon the expert's compliance with the discovery provisions. The failure or refusal of the expert to heed an order of the court may, in the court's discretion, result in the loss of the right to call that expert to testify at trial. If the court chooses instead to assess costs and attorney's fees incurred by the adverse party as a result of the expert's noncompliance, and thus to allow the expert to testify in spite of the noncompliance, the fees and costs should be taxed against the party designating the expert witness. This places the duty to police the conduct of the expert in complying with rules and orders relating to pretrial discovery squarely on the shoulders of the party designating the expert. That party  and, for that matter, the expert  can then adjust their contract provisions to account for these obligations.
As I indicated at the beginning, Dr. Pevsner sought our review by petition for a common law writ of certiorari. It is well established that common law certiorari is not available when the petitioner has an adequate remedy at law. Martin-Johnson Inc. v. Savage, 509 So.2d 1097 (Fla. 1987). I distinguish the circumstances of this case from our decisions in Abdel-Fattah v. Taub, 617 So.2d 429 (Fla. 4th DCA 1993); Young v. Santos, 611 So.2d 586 (Fla. 4th DCA 1993); and Crandall v. Michaud, 603 So.2d 637 (Fla. 4th DCA 1992). We found no adequate remedy by final appeal in those cases because the subject orders involved forced disclosure of "cat-out-of-the-bag" information, as to which the disclosure itself could not be remedied by final appeal. The use of common law certiorari in cases of such disclosures is authorized by Martin-Johnson. In the present case, however, the order does not involve the disclosure of such protected information. Rather it involves the final and unconditional assessment of costs and fees as a penalty for the nonappearance of an expert at a discovery deposition.
Where a nonparty witness, expert or otherwise, has been found in contempt of court for failing to comply with an order to be sworn or answer questions, the witness must have the right to appeal the contempt order. So too with orders, though expressly disclaiming contempt, that impose monetary remedies directly against nonparty, expert witnesses. The order is, after all, a final order as to the monetary liability of the expert witness. The right to review the imposition of the monetary remedy should not be made to depend on a discretionary writ like common law certiorari. As with any party who suffers the taxation of costs or the imposition of monetary remedies, the expert should have the right of review. Moreover, where the remedy has been finally and unconditionally imposed and made effective without postponement, as here, the right to appeal should not be made to await the final outcome of that action.
I therefore agree with the reversal of the order imposing remedies against Dr. Pevsner but only for the reasons I have expressed.
NOTES
[1] Even if the issue was not yet ripe when the petition was filed, that defect was cured when the trial court entered the order setting the amount of the award. The situation is analogous to that encountered in Dobrick v. Discovery Cruises, Inc., 581 So.2d 645 (Fla. 4th DCA 1991), where this court held that instead of dismissing as premature appeals from orders granting motions to dismiss, the appellants would be allowed to seek an appealable order of dismissal. But in this case, no action by this court was required, the defect was cured prior to issuance of the show cause order.
[2] The petitioner was ordered to resubmit to deposition and to answer all questions posed. His failure to appear for this re-deposition was the basis for the sanctions imposed in the order under review.
[3] The Committee Notes to rule 1.380 state that the rule was derived from Federal Rule of Civil Procedure 37, which contains the same distinctions between "deponents" and "parties" in its sanction provisions. In Miller v. Transamerican Press, Inc., 709 F.2d 524, 531 (9th Cir.1983), the court explained that the contempt provisions of rule 37(b)(1), the equivalent of Florida's rule 1.380(b)(1), was the only sanction against a nonparty deponent that was available to the court.
[4] The questions related to whether the witness had documents from any other physician or health care provider that the witness considered defamatory about him or detrimental to his professional reputation.
[5] See Fla.R.Civ.P. 1.380(b)(2)(A)-(E). The term "sanction" is one of those words with dual but contradictory meanings. On the one hand it can mean authoritative approval or permission, and on the other it can mean a penalty or coercive measure. AMERICAN HERITAGE DICT. OF THE AMERICAN LANGUAGE (3rd ed.) at 1596. Although the word "sanction" appears in the title to this rule, it is not used in its text. The drafters employed it as an abbreviated reference to some of the rule's provisions, but it is not very rigorous terminology. I suggest that the venerable "remedy" is much better and more accurate.
[6] See, e.g., §§ 627.737(2) and 766.102, Fla. Stat. (1993). Note that section 766.102(6)(c) does not directly require the testimony of an expert witness so much as it relates instead to the qualifications of the witness. Judge made rules can also require the testimony of an expert witness; e.g., the amount of attorney's fees and other issues arising in connection with an application for fees may require the testimony of an attorney.
[7] Moreover, the term "fees and expenses reasonably incurred" indisputably includes the kind of fees assessed here for the expert's failure to appear for a deposition.
[8] The discovery provisions, rules 1.280 to 1.390, contain three locutions that pertain to persons who participate or testify in pretrial discovery: "party," "deponent," and "expert witness." The use of the term "expert witness" by the drafters of the rule implies that when they intended a provision to apply to expert witnesses, they used that term. When they intended that it apply to nonexperts, the terms "party" and "deponent" were used.