662 So.2d 1013 (1995)
STATE of Florida, Appellant,
v.
Mark Kevin SIEGEL and John A. McGlade, Appellees.
No. 95-516.
District Court of Appeal of Florida, Fifth District.
November 16, 1995.
*1014 Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Childs, Assistant Attorney General, Daytona Beach, for Appellant.
Denise VanNess, of VanNess & VanNess, P.A., Crystal River, for Appellee, Mark Kevin Siegel.
James B. Gibson, Public Defender, and Erin J. O'Leary, Assistant Public Defender, Daytona Beach, for Appellee, John A. McGlade.
GRIFFIN, Judge.
The state has attempted to appeal an order of the lower court which granted defendants' motions to suppress evidence. Ordinarily this court would have jurisdiction to review such a non-final order under Florida Rules of Appellate Procedure 9.030(b)(1)(B) and 9.140(c)(1)(B). The record on appeal, however, does not contain a signed, written order of the trial court, and the state's response to this court's show cause order confirms that none was ever entered.
This court lacks jurisdiction to hear an appeal of an unwritten or unsigned order. See Fla.R.App.P. 9.020(g), 9.140(c)(2); State v. Smith, 557 So.2d 904 (Fla. 1st DCA 1990). The state's request for us to temporarily relinquish jurisdiction in order for it to obtain a properly rendered order must be denied. Florida Rule of Appellate Procedure 9.110(m), permits an appeal to proceed where an appealable order is rendered prior to dismissal of a premature appeal; however, this rule is, by its terms, only applicable to final orders. Fla.R.App.P. 9.110(a), (m). Accordingly, we dismiss the appeal for lack of jurisdiction.
APPEAL DISMISSED.
GOSHORN and HARRIS, JJ., concur.