722 So.2d 220 (1998)
STATE of Florida, Petitioner,
v.
Lisa BLANEY, et al., Respondent.
No. 98-1859.
District Court of Appeal of Florida, Fifth District.
October 23, 1998.
*221 Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Turner, Assistant Attorney General, Daytona Beach, for Petitioner.
Stuart I. Hyman, Orlando, for Respondent.
THOMPSON, J.
The state petitions for a writ of certiorari. We grant the petition and quash the order under review.
In 1997, Lisa Blaney was arrested for Driving Under the Influence of Alcohol. Her attorney filed a motion to suppress. The county court judge granted the motion, but, before his written order was rendered, the state filed its notice of appeal. The notice of appeal therefore recited the wrong date for the order being appealed. Nine months later, after the record and the briefs had already been filed, the circuit court appellate division sua sponte entered an "Order Relinquishing Jurisdiction" to allow the county court to enter a written order. Apparently, because of the mistake in the notice of appeal, the circuit court did not realize that the order had been rendered shortly after the state filed its notice of appeal. Because of a mix-up in communications, neither side received a copy of the circuit court's order. The circuit court then dismissed the state's appeal, stating:
This appeal is DISMISSED. Although in the past this court has relinquished jurisdiction for the entry of a written order by the trial court in non-final criminal appeals, it will no longer do so. Aside from the fact that the Fifth District Court of Appeal has held that appellate courts have no discretion in dismissing such appeals, State v. Siegel, 662 So.2d 1013 (Fla. 5th DCA 1995), this court has also found that doing so frequently causes considerable unnecessary delay in appeals.
The circuit court's reliance upon Siegel is misplaced. In Siegel, like the present case, the state attempted to appeal a nonfinal order of the lower court which granted motions to suppress evidence. However, unlike the present case, in Siegel a signed, written order was never entered. Therefore, this court properly determined that it had no jurisdiction over the appeal. The appeal was dismissed, and the state thereafter obtained a written order from the trial court and began its appeal anew. State v. Siegel, 679 So.2d 1201 (Fla. 5th DCA 1996).
Instead, this case is governed by the controlling Florida Supreme Court precedent announced in Williams v. State, 324 So.2d 74 (Fla.1975):
[W]e also hold that a notice of appeal which is prematurely filed shall not be subject to dismissal. Rather, such a notice of appeal shall exist in a state of limbo until judgment in the respective civil or criminal case is rendered. At the time of rendition, the notice of appeal shall mature and shall vest jurisdiction in the appellate court.
Thus, a notice of appeal which is filed after the oral pronouncement of judgment and/or sentence, but before rendition thereof, is not to be dismissed on the grounds that it is premature. This rule shall apply to such situations as when the defendant filed his notice of appeal:
1. After oral pronouncement of judgment, but before the judgment is reduced to writing and signed.
Williams, 324 So.2d at 79.
Williams is still good law today. See, e.g., Cole v. State, 714 So.2d 479, 488 n. 12 (Fla. 2d DCA 1998) (appeal of conviction and sentence premature because they had not been rendered by the filing of a signed written order, but appellate jurisdiction vested once the order was rendered); Pevsner v. Frederick, 656 So.2d 262, 263 n. 1 (Fla. 4th DCA 1995) (even if issue not yet ripe when certiorari petition was filed, defect was cured when the trial court entered the order).
The circuit court should have been guided by Middlebrooks v. St. Johns River Water Management Dist., 529 So.2d 1167 *222 (Fla. 5th DCA 1988), where the notice of appeal was filed prematurely. This court, relying in part upon Williams, "elect[ed] to treat it as prematurely filed but subsequently matured." Middlebrooks, 529 So.2d at 1169. Treating the state's notice of appeal as prematurely filed but subsequently matured is in accord with the well-settled law of Florida that appellate proceedings, "like other judicial proceedings should be determined on their merits, instead of upon irrelevant technicalities." Puga v. Suave Shoe Corp., 417 So.2d 678, 679 (Fla. 3d DCA 1981) (en banc). As noted in Puga, our supreme court has determined that non-jurisdictional and nonprejudicial defects in the notice or other steps in the appellate process are not grounds for dismissal. The court determined there were three mandatory prerequisites; the notice has to:
1. be timely filed in the correct court;
2. have sufficient information to identify the appealing and opposing parties; and
3. state a desire to appeal.
If those three conditions are met, then the notice "must be deemed directed to the reviewable order, so that that desire may be satisfied." Id. at 680-81. In this case, the state's notice met these three requirements. This result is in full accord with the essential basis of the supreme court's decision in Williams as well as the constitutionally guaranteed right of appeal under Article V, Section 4 of the Florida Constitution.
The petition for writ of certiorari is granted, the orders of dismissal under review are quashed, and the cause is remanded to the circuit court with directions to reinstate the appeal.
PETITION GRANTED; ORDERS QUASHED; REMANDED with directions.
COBB and ANTOON, JJ., concur.