SALCINES, Judge.
The State appeals the juvenile court’s failure to order the suspension of the driver’s license of J.V.W., pursuant to section 322.056, Florida Statutes (1997). We agree that the suspension was mandatory and reverse.
A petition charged J.V.W. with violating section 562.111, Florida Statutes (1997), which prohibits possession of alcoholic beverages by minors. On April 16, 1998, the juvenile court accepted J.V.W.’s plea of no contest, withheld adjudication, and direct *174 ed J.V.W. to attend Juvenile Arbitration Drug Court. At that time, the State requested that a mandatory suspension of J.V.W.’s driver’s license be imposed. The juvenile court opined that if a plea of no contest rather than guilty was entered, the decision of whether to suspend the minor’s driver’s license was discretionary.
The juvenile court’s ruling, while done in good faith, was erroneous. The acceptance of the no contest plea constituted a finding of delinquency. See State v. R.N., 597 So.2d 862 (Fla. 5th DCA 1992). The withholding of adjudication was not the equivalent of a not guilty finding. The requirements of section 322.056(1) are mandatory, even when a no contest plea has been entered and adjudication has been withheld. See id. at 863; see also State v. M.D., 706 So.2d 41 (Fla. 2d DCA 1998).
Accordingly, we reverse the disposition order and remand with directions that J.V.W.’s driver’s license be suspended in accordance with the requirements of section 322.056.
Reversed and remanded with directions.
FULMER, A.C.J., and SCHEB, JOHN M., (Senior) Judge, Concur.