FULMER, Judge.
The State appeals from a disposition order that withheld adjudication in R.P.E.’s case and failed to order the suspension of R.P.E.’s driver’s license pursuant to sections 562.111 and 322.056(1), Florida Statutes (1997). We reverse because the driver’s license suspension is mandatory.
R.P.E. was charged by delinquency petition with possession of an alcoholic beverage by a person under twenty-one years of age, in violation of section 562.111, Florida Statutes (1997). At the time of disposition, R.P.E. was seventeen year's old. R.P.E. pleaded no contest. The trial court withheld adjudication and ordered R.P.E. to pay a fine of $100 within two weeks. Over the State’s objection, the trial court declined to order the suspension of R.P.E.’s driver’s license. The trial court believed that a no contest plea and the withhold of adjudication would render the suspension of R.P.E.’s driver’s license discretionary.
The requirements of section 322.056(1) are mandatory, even when a no contest plea has been entered and adjudication has been withheld. See State v. J.V.W., 739 So.2d 173 (Fla. 2d DCA 1999). Accordingly, we reverse the order of adjudication and remand with directions that the trial court suspend R.P.E. s driver s license in accordance with the requirements of section 322.056.
Reversed and remanded.
CAMPBELL, A.C.J., and GREEN, J., Concur.