PALMER, J.
C.M. timely appeals the trial court’s final order terminating her parental rights to her daughter, B.A., based upon C.M.’s ongoing neglect and failure to provide for B.A.’s needs. Concluding that the trial court possessed jurisdiction to adjudicate the matter, that the trial court did not commit reversible error in refusing to appoint an independent mental health expert, and that sufficient evidence was presented to meet the clear and convincing standard of proof, we affirm.
C.M. first argues that the instant termination order is void because the trial court lacked jurisdiction over the case. She contends that the trial court lacked jurisdiction to enter the instant termination order because Clifford and Debbie Roberts, B.A.’s paternal aunt and uncle, filed their notice of intent to adopt the Department of Children and Families’ (DCF) petition to terminate parental rights eight days before DCF filed a notice of voluntary dismissal of the petition, and *987 thereafter failed to renew their notice of intent after DCF filed a voluntary dismissal of its termination petition. C.M. essentially urges this court to hold that the filing of a premature notice of intent is insufficient to constitute a timely adoption. We refuse to do so.
Florida Rule of Juvenile Procedure 8.500(f) provides:
Rule 8.500 Petition
[[Image here]]
(f) Voluntary Dismissal. The petitioner, without leave of the court, at any time before entry of an order of adjudication, may request a voluntary dismissal of the petition by serving a notice of request of dismissal on all parties or, if during a hearing, by so stating on the record. The petition shall be dismissed and the court loses jurisdiction unless another party adopts the petition within 72 hows. Unless otherwise stated, the dismissal shall be without prejudice.
(Emphasis added).
C.M. contends that under rule 8.500(f), the only manner in which the Robertses could have adopted DCF’s termination petition was by filing their notice of intent to adopt within the 72 hours after DCF voluntarily dismissed its termination of parental rights petition. We hold that the Robertses’ filing of their notice to adopt was sufficient to notify all parties that they were adopting DCF’s petition, and the adoption of the petition became effective upon DCF’s filing of its notice of voluntary dismissal. Similar to a prematurely filed notice of appeal, which is held in limbo until an appealable order is rendered, the Robertses’ prematurely filed notice of intent adequately afforded all interested parties notice that the termination proceedings were going to be carried forward by the Robertses. See State v. Blaney, 722 So.2d 220 (Fla. 5th DCA 1998)(holding that a notice of appeal which is prematurely filed shall not be subject to dismissal but, rather, the notice shall exist in a state of limbo until judgment is rendered, at which time the notice of appeal shall mature and shall vest jurisdiction in the appellate court).
C.M. next contends that she was denied equal protection and due process of law when the trial court refused to appoint an independent mental health expert to assist her in countering the testimony provided by the psychologist privately retained by the Robertses. We again disagree.
Approximately three weeks before the termination hearing, C.M. moved the trial court to appoint an expert to evaluate B.A.’s best interest. C.M. argued that because the Roberts family had hired a psychologist, the trial court should appoint a psychologist for C.M. to evaluate the case from her perspective. When asked what C.M. wanted the expert for, C.M.’s attorney replied: ‘We want an expert to determine the best interest of the child and the manifest best interest of the child.” The trial court denied the motion. The psychologist retained by the Roberts family, Dr. Deborah Day, testified that B.A. was at a critical stage and needed a stable environment, although she did not make a recommendation as to custody or contact. The trial court then requested Dr. Day to interview C.M. “to determine if the mother can provide a stable placement.” C.M.’s attorney did not object to the appointment of Dr. Day for that purpose, but only asked that the county be ordered to pay Dr. Day’s expenses.
On appeal, C.M; argues that fundamental fairness required the trial court to provide her with the opportunity to have her own expert evaluate her and to report to the trial court so as to counter the testimony provided by Dr. Day. We find no abuse *988 of discretion by the trial court in denying C.M.’s motion.
C.M. also argues that the trial court appointed Dr. Day as a “court witness” although the trial court knew that Dr. Day had been hired by the Roberts family and accordingly owed them a duty of loyalty and confidentiality. She asserts that the trial court should have appointed an independent expert witness to examine C.M., pursuant to rule 8.095(c)(1) of the Florida Rules of Juvenile Procedure, which provides for the appointment of expert witnesses when a child is believed to be incompetent or insane. However, C.M. failed to preserve this bias argument for appellate review by failing to object below to the trial court’s selection of Dr. Day. See Marrero v. Goldsmith, 448 So.2d 543 (Fla. 3d DCA 1984), quashed on other grounds, 486 So.2d 530 (Fla.1986)(holding that appellant’s failure to challenge the trial court’s appointment of an allegedly biased expert witness precluded appellant from raising the issue on appeal).
Lastly, C.M. contends that there was insufficient evidence to support the termination order. She argues that the testimony of Dr. Day, when weighed in the face of numerous witnesses who testified on C.M.’s behalf, did not constitute clear and convincing evidence because so many witnesses testified in C.M.’s favor. C.M. contends that her witnesses’ testimony essentially outweighed Dr. Day’s testimony. We disagree. The number of witnesses is not controlling, but rather the credibility and weight given to the witnesses’ testimony by the trial court.
AFFIRMED.
THOMPSON, C.J., and PLEUS, J., concur.