PER CURIAM.
The State appeals the trial court’s failure to order the suspension of R.A.’s driver’s license pursuant to section 322.056, Florida Statutes (2005), after the court found R.A. delinquent and placed him on probation. We agree that suspension was mandatory and reverse with directions that R.A.’s driver’s license be suspended in accordance with section 322.056.
A petition charged seventeen-year-old R.A. with possession of cannabis in violation of sections 893.13(6)(b) and 893.03(l)(e). R.A. pled no contest to the charge, and the trial court withheld adjudication, placed R.A. on probation for six months, and ordered him to perform community service. At that time, the State requested that the trial court impose the mandatory driver’s license suspension requirement contained in section 322.056, Florida Statutes, which provides:
Notwithstanding the provisions of section 322.055, if a person under 18 years of age is found guilty of or delinquent for a violation of section 562.11(2), 562.111, or chapter 893, and
(a) The person is eligible by reason of age for a driver’s license or driving privilege, the court shall direct the department to revoke or to withhold issuance of his or her driver’s license or driving privilege for a period of:
1. Not less than 6 months and not more than 1 year for the first violation.
2. Two years, for a subsequent violation.
The State also cited various decisions from the Second and Fifth Districts, including State v. J.V.W., 739 So.2d 173 (Fla. 2d DCA 1999), where the court held that the driver’s license suspension requirement of section 322.056(1) is mandatory, even when a no contest plea has been entered and adjudication has been withheld. Likewise, in State v. R.N., 597 So.2d 862 (Fla. 5th DCA 1992), the court held that section 322.056 does not require adjudication, but requires only a finding of delinquency, and the trial court’s acceptance of a no contest plea constitutes a finding of delinquency, thereby implicating the suspension requirement in section 322.056.
However, finding no decision on point from our court, the trial court concluded that it was not bound by the decisions of the Second and Fifth Districts and opined that a withhold of adjudication of delinquency did not require a mandatory suspension of the minor’s driver’s license for the first violation of Chapter 893.
On appeal, the State argues that the trial court was required to follow precedent from the Fifth and Second Districts on this issue because there is no Fourth District decision on point. We agree. In the absence of interdistrict conflict, district court decisions bind all Florida trial courts. Pardo v. State, 596 So.2d 665, 666 (Fla.1992). Consequently, because there is no Fourth District decision on point, the trial court in this case was required to follow the decisions of the Second and Fifth Districts and enter an order directing the Department of Motor Vehicles to suspend R.A.’s driver’s license.
Furthermore, we agree that section 322.056 mandates revocation of driving privileges for a juvenile who is found delinquent for violating Chapter 893. There is no language in this statute that allows a trial court to use its discretion in applying the penalty. The trial court’s acceptance of R.A.’s no contest plea constituted a finding of delinquency, which is sufficient to implicate the suspension requirements in section 322.056. Therefore, we conclude that the trial court erred when it failed to order the suspension of R.A.’s driver’s license after withholding adjudication.
We also find no merit in R.A.’s argument that the trial court lacks jurisdiction to order suspension of his driver’s license *1260 at this point because he has already served the full term of his probation. Section 985.201(4)(a), Florida Statutes, allows the trial court to retain jurisdiction, unless relinquished by order, until the minor reaches nineteen years of age: Furthermore, although section 322.056 applies only to a child under eighteen years of age, R.A.’s plea was entered and accepted when he was seventeen years old, and therefore, the trial court was required to order suspension of R.A.’s driving privileges. See State v. M.D., 706 So.2d 41, 42 (Fla. 2d DCA 1998) (finding that because plea was entered and accepted while defendant was seventeen years of age, trial court was required to direct the Department of Highway Safety and Motor Vehicles to suspend defendant’s driving privileges).
Accordingly, we reverse and remand with directions that R.A.’s driver’s license be suspended in accordance with the requirements of section 322.056.

Reversed.

STEVENSON, C.J., GUNTHER and MAY, JJ., concur.