993 So.2d 1110 (2008)
August URBANEK, Petitioner,
v.
Philip W. HOPKINS, Respondent.
No. 4D08-2261.
District Court of Appeal of Florida, Fourth District.
October 8, 2008.
*1111 David Howard Goldberg of David Howard Goldberg, P.A., Miami, for petitioner.
Alice G. Hector, Jeffrey T. Cook and Andrea S. Haitley of Akerman Senterfitt, Miami, for respondent.
FARMER, J.
A beneficiary of irrevocable living trusts sued the trustee for failing to make trust distributions to him. He alleged a breach of fiduciary duties and sought damages and an accounting from the trustee. In turn, the trustee counter-sued the beneficiary. His counterclaim claimed that the beneficiary had induced the grantor of the trusts to exert "undue influence" on the trustee to make "improper distributions." The grantor of the trusts is the father of the beneficiary. The grantor-father is not a party in the case in the trial court.[1] No claims were made by or against the grantor-father.
Nonetheless the trustee sought to take an oral deposition of the grantor-father. With the trusts being irrevocable and without any contention that the grantor-father still has any authority over them, we assume, without deciding, that there is some relevant purpose to be served by such a deposition even though none is apparent. After some discussions between counsel about scheduling, another attorney for the *1112 grantor-father appeared and filed an objection to any deposition on the grounds of age, health and privacy. Ultimately he furnished the trial court with a detailed affidavit from a physician specializing in neurology, having specific knowledge about the grantor-father's condition.
The essential facts established by the physician's affidavit are compelling and uncontradicted. The grantor-father is 88 years old. The physician has been treating him for the past six years and is personally knowledgeable about his condition. The grantor-father suffers from Parkinson's disease. He has a "marked impairment" of his speech, being able to speak only in a whisper. He is difficult to understand. The proposed deposition "would have detrimental effects on his Parkinson's disease" and his health would be "severely impacted."
The grantor-father's counsel filed a motion to limit the deposition to written questions. In response to this motion, the trial court ordered the grantor-father and his physician to appear in court for a hearing on the grantor-father's medical condition. In spite of the affidavit establishing danger to the grantor-father's health from being forced to appear for a deposition, the judge nevertheless insisted that he come to court to testify. The judge rejected the alternative of first permitting only a written deposition. The judge also failed to first ascertain how any testimony of the grantor-father might be relevant or lead to relevant evidence.
The grantor-father's lawyers and physician immediately moved to have the hearing by telephone because of the condition of the grantor-father. The grantor-father did not personally come to court, although his counsel did there appear on his behalf. And so the trustee requestedand the trial judge thereupon orderedthat the grantor-father submit to a compulsory medical examination by a physician chosen by the trustee within the next 30 days.
This petition for certiorari asks us to quash the order for the medical examination. Certiorari is manifestly proper in this case. See Olges v. Dougherty, 856 So.2d 6, 10 (Fla. 1st DCA 2003) (holding that nonfinal order requiring mental examination causes harm that cannot be remedied on appeal from final judgment; in context of compelled mental examination requirement of irreparable harm may be found based on fact that after examination occurs invasive harm has occurred and cannot be undone on appeal).
The grantor-father was never served with a subpoena to appear, and the court made no finding of contempt for the personal failing of the grantor-father to attend the hearing.[2]See Pevsner v. Frederick, 656 So.2d 262 (Fla. 4th DCA 1995) (sanctions may not be imposed against nonparty for discovery violation in absence of finding of contempt). The affidavit of the personal physician raises substantial doubts as to whether the grantor-father was even physically capable of appearing personally for a deposition or in court. In the absence of contempt, under our Pevsner decision the trial court had no authority at this point to impose any sanctions on the grantor-father. Id.
As to the compulsory medical examination (CME) of the grantor-father, the trial judge overlooked the burden placed by Florida Rule of Civil Procedure 1.360 on the proponent of a CME. Under the rule, the party seeking a CME must show that the person to be examined is a party in the litigation who has himself placed his physical condition at issue. The party seeking the CME must establish *1113 good cause for such an exam. Here the trial judge should have first required written deposition questions of the grantor-father. Before the trustee could thereafter show good cause for a CME, he would thereupon have to show why the results of the written deposition failed to furnish the relevant information sought from the grantor-father.
Without a showing of good cause, the burden never shifted to the grantor-father to sustain his objection to the CME, and the grantor-father was entitled to a protective order on the basis of his physician's affidavit. See Olges, 856 So.2d at 11 ("But the question of protective rules or protective orders never arises and the burden never shifts unless the proponent of the examination shows good cause for an examination in the first place."). "Good cause" for such an examination is not made on the basis of conclusory allegations or assertions of counsel. See Fruh v. Dept. of Health & Rehab. Serv., 430 So.2d 581 (Fla. 5th DCA 1983) (two requirements of "in controversy" and "good cause" not met by mere conclusory allegations in pleadings, nor by mere relevance to case, but require affirmative showing by movant that each condition as to which examination is sought is really and genuinely in controversy).
We quash the order requiring an examination of the grantor-father. Any deposition of the grantor-father shall be limited initially to written deposition questions.
STEVENSON and HAZOURI, JJ., concur.
NOTES
[1] The only proper parties in the caption of this case are grantor August Urbanek (petitioner) and trustee Philip W. Hopkins (respondent). The trial judge is improperly named as a party in the petition. See Fla. R.App. P. 9.100(c) ("[Trial] court judges shall not be named as respondents to petitions for certiorari . . .").
[2] He did "appear" through counsel, who actually attended the hearing.