8 So.3d 425 (2009)
STATE of Florida, Appellant,
v.
S.S., Appellee.
No. 2D07-6066.
District Court of Appeal of Florida, Second District.
March 20, 2009.
*426 Bill McCollum, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Timothy J. Ferreri, Assistant Public Defender, Bartow, for Appellee.
LaROSE, Judge.
The State argues that the trial court erred in failing to impose a mandatory six-month driver's license suspension on S.S., a juvenile. We agree and reverse.
S.S. pleaded no contest in several cases, including one involving possession of marijuana. See § 893.13(6)(b), Fla. Stat. (2007). The trial court withheld adjudication and placed S.S. on probation. The State asked the trial court to impose the mandatory license suspension. See § 322.056(1), Fla. Stat. (2007). The trial court refused to do so, implying that the sanction was not required when adjudication was withheld.
Section 322.056(1) mandates suspension when a no contest plea is entered, adjudication is withheld, and the underlying offense is one enumerated under the statuteas is section 893.13. See State v. C.C.S., 779 So.2d 465 (Fla. 2d DCA 2000); State v. R.D.H., 779 So.2d 465 (Fla. 2d DCA 2000); State v. J.V.W., 739 So.2d 173 (Fla. 2d DCA 1999).
S.S. concedes that suspension is mandatory but argues that we should have dismissed the State's appeal. We disagree. The State filed a premature notice of appeal after the trial court's oral pronouncement of judgment but before rendition of a written judgment. Florida Rule of Appellate Procedure 9.110(l) allows a premature notice of appeal to vest jurisdiction in the appellate court when a final order is rendered before dismissal of the appeal or when the appellate court, in its discretion, permits rendition of a final order. See also State v. Blaney, 722 So.2d 220, 221-22 (Fla. 5th DCA 1998) (explaining that a notice of appeal filed after oral pronouncement of judgment, but before judgment is reduced to writing and entered, should not be dismissed on ground it is premature; rather, the notice of appeal prematurely filed should exist in a state of limbo until judgment is rendered, at which time the notice matures and vests jurisdiction in the appellate court). In this case, we exercised our discretion and permitted the rendering of the judgment.
Reversed and remanded with instructions to impose the mandatory license suspension.
CASANUEVA and DAVIS, JJ., Concur.