DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CB CONDOMINIUMS, INC., CB IMPORTS/EXPORTS, INC.,
CB DEVELOPMENT, INC., CB CONSTRUCTORS, INC.,
CB STRUCTURES, INC.,
CURRENT BUILDERS CONSTRUCTION SERVICES, INC.,
FREDERICK COLANDREO,** and **VINCENT F. VACCARELLA, P.A.,**
Appellants,

v.

**GRS SOUTH FLORIDA, INC.** f/k/a **GRI SOUTH FLORIDA, INC.,**
Appellee.

No. 4D13-4701

[May 20, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. CACE07-011656 (14).

Vincent F. Vaccarella and Craig R. Lewis of Vincent F. Vaccarella, P.A., Fort Lauderdale, for appellants.

Lana Larson Dean and Doryk B. Graf, Jr. of Wright, Fulford, Moorhead & Brown, P.A., Altamonte Springs, for appellee.

GERBER, J.

In this post-judgment proceeding arising from the plaintiff's attempt to collect on a judgment, several non-parties appeal from the circuit court's order granting the plaintiff's motion for sanctions under Florida Rule of Civil Procedure 1.380(b)(1) ("If a deponent fails to be sworn or to answer a question after being directed to do so by the court, the failure may be considered a contempt of the court."). The order directed the non-parties to pay the plaintiff's attorney's fees incurred upon the non-parties' violation of an earlier order to provide discovery. The non-parties primarily argue the court erred because rule 1.380(b)(1)'s plain language allows a finding of contempt against a non-party deponent only if the deponent "fails to be sworn or to answer a question after being directed to do so by the court," and neither event occurred here. We are compelled to agree with the non-parties' argument. Therefore, we reverse the sanctions order.

*Procedural History*

To obtain information towards collection on the judgment, the plaintiff, pursuant to Florida Rules of Civil Procedure 1.280 and 1.310, served subpoenas for deposition duces tecum on the records custodian of several non-party entities related to the defendant ("the related entities").

The related entities' attorney filed a motion to quash the subpoenas or, alternatively, to "enter a Protective Order precluding the production of any of the records sought to be produced and revealed and eliminating the need to appear for deposition."

After a hearing on the motion, the circuit court entered an order stating: "The [related entities'] motion to quash is hereby denied. The depositions of [the related entities] shall take place within sixty (60) days of the date of this order." The order did not expressly address the related entities' alternative request to "enter a protective order precluding the production of any records sought to be produced and revealed." However, the related entities did not petition for certiorari review of the order.

The plaintiff later moved for sanctions against the related entities and their attorney based on their alleged violations of the order. In the motion, the plaintiff alleged that the related entities' records custodian appeared for the deposition, but did not bring any requested documents with him, and testified that he did not even look for any of the requested documents. When the plaintiff's attorney asked the records custodian why he did not even look for the requested documents, he testified that the related entities' attorney informed him that the defendant's prior production satisfied the related entities' obligation to produce the requested documents. The records custodian further testified that the requested documents were located at his office nearby and that he could print copies of such documents and return within an hour. In response, the plaintiff's attorney requested a break to permit the records custodian to return to his office to do so. However, the defendant's attorney refused to cooperate, directed the records custodian not to retrieve the documents, and argued that the related entities would not produce the documents without a court order. Based on this conduct, the plaintiff moved for sanctions against the related entities and their attorney under rule 1.380(b)(1) ("If a deponent fails to be sworn or to answer a question after being directed to do so by the court, the failure may be considered a contempt of the court."). The plaintiff sought to recover its attorney's fees incurred in preparing for, traveling to, and attending the deposition.

2

At a hearing on the motion for sanctions, the related entities' attorney argued that their records were not discoverable until the court conducted an in camera inspection and the related entities became parties to the action.

The court rejected the related entities' attorney's argument, stating:

> I think I have already ruled on it when I . . . denied the motion to quash subpoenas. . . . [T]hat incorporated the same argument, if there was a privilege . . . of the content of those records . . . .
>
> . . . .
>
> In this case there was an objection, it was overruled and I think 1.380 sanctions are appropriate. Because court orders can't be ignored and subpoenas can't be ignored without prior action of the Court.

The court then had the plaintiff's attorney testify regarding the amount of the fees he incurred in preparing for, traveling to, and attending the deposition. The related entities did not request any cross-examination.

At the end of the hearing, the court issued a written order granting the plaintiff's motion for sanctions as follows:

> Granted per Fl. R. Civ. P. 1.380. The Plaintiff served 6 non-party subpoenas (duces tecum) on [the related entities] in Orlando. Attorney for Defendant and [the related entities] objected to the subpoenas and moved to quash. On June 13, 2013, after a full hearing, the court denied the motion to quash. On August 20th [the related entities' records custodian] appeared for all the entities but did not bring <u>any</u> of the records subpoenaed even though he testified they existed. When offered an adjournment of the depo to go to his nearby office to get copies, [the related entities' attorney] advised [the records custodian] <u>NOT</u> to provide said records, although the court had overruled the objections and no motion for protective order was filed. The court took testimony of [the plaintiff's] attorney who spent 20 hours preparing and traveling and deposing the witness in search of the records (20 hrs x $165/hr = ) sanctions of $3,300 jointly and severally liable between [the defendant's attorney] and the six [related entities and the] records custodian . . . .

*Discussion*

The related entities, their attorney, and their records custodian (collectively, "the non-parties") then filed this appeal of the sanctions order. The non-parties primarily argue the court erred because rule 1.380(b)(1)'s plain language allows a finding of contempt against a non-party deponent only if the deponent "fails to be sworn or to answer a question after being directed to do so by the court," and neither event occurred here.

In response, the plaintiff concedes that rule 1.380(b)(1) applies only if the non-party deponent "fails to be sworn or to answer a question after being directed to do so by the court," and neither event occurred here. However, the plaintiff requests that we find the error to be harmless because the award was appropriate as compensatory civil contempt sanctions.

We are compelled to disagree with the plaintiff's argument in the absence of a finding of contempt, pursuant to our decision in *Pevsner v. Frederick*, 656 So. 2d 262 (Fla. 4th DCA 1995).

In *Pevsner*, during the course of pretrial discovery, the trial court entered an order compelling a non-party defense expert witness to answer deposition questions. The witness then failed to appear at the "re-deposition." The plaintiff moved to hold the witness in contempt and impose sanctions under rule 1.380(b)(2)(A)-(E). The trial court entered an order directing the witness to pay the plaintiff's attorney's fees and costs incurred as a result of the witness's refusal to answer questions during his deposition and his failure to appear for re-deposition. However, the order expressly stated that it was not holding the witness in contempt and included no finding that the witness's disobedience was willful. The witness sought certiorari review of the order.

We granted the petition, concluding that the trial court departed from the essential requirements of the law in ordering sanctions against a non-party for a discovery violation in the absence of a finding of contempt. We reasoned:

> Rule 1.380(b)(1), Florida Rules of Civil Procedure (1994), provides for sanctions in the event that a nonparty deponent fails to comply with an order of the court requiring him to be sworn or to answer questions:

4

> If a deponent fails to be sworn or to answer a question after being directed to do so by the court, the failure may be considered a contempt of the court.
>
> The rule does not expressly provide for the imposition of any other type of sanction if (as is the case here) the deponent is found not to be in contempt. The sanctions available under subsection (b)(2) of the rule are limited in their application to the parties or their agents. The petitioner argues that in the absence of a finding of contempt, the rule does not authorize any sanctions against a nonparty deponent. . . . .
>
> . . . .
>
> Because the order below does not comply with the terms of rule 1.380(b)(1), insofar as it imposes a sanction on a nonparty after refusing to find that nonparty in contempt, it constitutes a departure from the essential requirements of the law and must be quashed on certiorari review.

*Id.* at 263-64 (internal footnotes and citations omitted).

Here, the circuit court's sanctions order did not contain a finding of contempt, nor could it contain a finding of contempt because, as the plaintiff concedes, rule 1.380(b)(1) applies only if the non-party deponent "fails to be sworn or to answer a question after being directed to do so by the court," and neither event occurred here. Thus, we must reverse the sanctions order.

*Conclusion*

We acknowledge the circuit court's common sense thought that "1.380 sanctions are appropriate . . . [b]ecause court orders can't be ignored." However, neither the circuit court nor this court can re-write rule 1.380 to remedy the situation which occurred here. We encourage the Florida Bar's civil rules committee to propose an amendment to rule 1.380 which provides a remedy for the type of situation which occurred here.

*Reversed.*

WARNER and MAY, JJ., concur.

\*        \*        \*

5

*Not final until disposition of timely filed motion for rehearing.*